JOHN A. BEAL V. JOHN S. CODDING, *et al.*

1. NEW TRIAL, *When Not Granted.* Where there is evidence to support the verdict of a jury, and the verdict has been sustained by the trial court, this court will not grant a new trial, although there is a conflict of evidence, and the preponderance seems to be against the verdict.

2. NEW TRIAL, *No Error in Refusing.* A motion for a new trial is made on the ground of "surprise which ordinary prudence could not have guarded against;" and the moving party to sustain the motion presents his affidavit, which states that he employed counsel to assist him in the trial of the cause in which the motion is made, who did not attend the court or trial, and he was compelled to employ other counsel, unacquainted with the case, to assist in the trial, and that on the trial the opposing parties fixed, by their evidence, the contract set out in one of the defenses of their answer in the suit, and that he was not as fully prepared to rebut such evidence as he would have been had the defendants set out the time and place of such contract in their answer. He made no effort to continue the case or postpone the trial, but voluntarily went to trial when the case was called. *Held,* That the facts stated in the affidavit are not sufficient to sustain the motion, and the court below did not err in overruling it.

*Error from Pottawatomie District Court.*

ACTION brought by *Beal* against *Codding* and three others, to recover for work and labor and for services as an attorney at law. Trial at the November Term, 1883, and verdict for defendants. New trial denied, and judgment for defendants for costs. This judgment the plaintiff brings here for review. The material facts appear in the opinion.

*John A. Beal,* plaintiff in error, for himself.

*R. S. Hick,* for defendants in error.

The opinion of the court was delivered by

HURD, J.: Action to recover for work and labor and professional services as an attorney at law. For the first cause of of action, the petition of the plaintiff states that defendants were members of the Pottawatomie county law-and-order league, an unincorporated association, and that they were, on the

11th of February, 1883, indebted to the plaintiff in the sum of $500 for work, labor, diligence and attention by the plaintiff before that time done and performed as attorney for defendants, and at their request, in prosecuting certain actions in the district court of Pottawatomie county, and performing other business as such attorney for the defendants, as members of such association, at their request; and for advice and counsel given by the plaintiff as such attorney to and for said defendants and about their business, at their request; and that such sum of money is due and wholly unpaid.

For a second cause of action, plaintiff states that defendants, being members of an unincorporated association known as the Pottawatomie county law-and-order league, on the 11th day of February, 1882, employed the plaintiff to assist in the prosecution of violators of the criminal law of the state of Kansas, and performing their business as such attorney for said defendants, as members of said association, at their request; and for advice and counsel given by plaintiff, as such attorney for the defendants, in and about their business, at their request; and that such labor performed, as such attorney for said defendants, in and about their business, is worth the sum of $500, which sum the plaintiff avers is now due and payable; yet the said defendants, although often requested, have not paid such sum, nor any part thereof. Wherefore, the said plaintiff prays judgment against the defendants for the sum aforesaid.

The defendants filed their answer to the petition of plaintiff, as follows:

"*First,* They admit that they were members of the Pottawatomie county law-and-order league, as alleged in the petition.

"*Second,* That on the — day of ——, 1882, the Pottawatomie county law-and-order league paid the said plaintiff the sum of $33 for the services and advice mentioned in the petition, which was more than it then, or at any time, owed him therefor.

"*Third,* That the plaintiff was an officer, and designated prosecutor of said Pottawatomie county law-and-order league, whose compensation, according to the constitution, rules and

regulations of said league, was to be such as should be directed
by the executive board or committee of said league, and was
directed and ordered by said board to be the sum of $10 for
each conviction that should be secured by any criminal action
commenced, or prosecuted by or under the orders or directions
of said league; that the plaintiff consented and agreed to the
said constitution, rules and regulations of said league, and
agreed to perform the services mentioned in the petition for
such compensation as should be and was directed and ordered
by said executive board, and for the sum of $10 for each con-
viction that should be secured in any criminal action com-
menced or prosecuted by or under the order or directions of
said league, and that no such convictions were ever secured;
and that he, said plaintiff, never performed any service of
any account for, or gave any advice whatever to said league,
or to any of the members thereof, or the defendants, except as
such officer, and as aforesaid.

"*Fourth,* And the defendants deny each and every allega-
tion in said petition contained not herein expressly admitted."

No reply to such answer was filed by the plaintiff in the
court below.

The case came on for trial at the November term, 1883, of
the district court of Pottawatomie county, before the court
and a jury. The plaintiff introduced the records and minutes
of the Pottawatomie county law-and-order league in evidence,
showing his appointment as attorney for the league, and then
introduced the oral evidence of himself and others, tending to
establish the claim set up in the petition, and the value of the
services rendered. The defendants introduced evidence tending
to prove their defense, and the plaintiff introduced evidence
in rebuttal to the evidence introduced by the defendants. No
objections to evidence were made on the trial, nor does it
appear by the record that the court gave any instructions to the
jury. The jury found a verdict for the defendants.

The plaintiff below, the plaintiff in error here, filed his motion
for a new trial at the proper time, and stated as his grounds
for the motion : first, that the verdict is not sustained by suf-
ficient evidence; second, that the verdict is contrary to law;
third, surprise that ordinary prudence could not have guarded
against. To establish the third ground of the motion, the

plaintiff introduced his own affidavit, which was all the evidence upon that point, and which is as follows:

"John A. Beal swears, that in this case in the winter of 1883, he employed W. P. Douthitt, Esq., of Topeka, to attend to this case; gave him a copy of the principal entries in the proceedings of the Pottawatomie county law-and-order league, and acquainted him with all the leading facts in this case. That about the 1st of November, 1883, he went to Topeka to see Mr. Douthitt in regard to this case, had a talk with him at his office to learn whether I could depend upon him being at our court to attend to this case for me. He told me that the U. S. district court would be in session at the same time of this court, and that he might not be able to arrange his business in the U. S. district court so as to be at this court. I then told him that Mr. Hick was the attorney for the defense, and that I could arrange with him to have this case set for a particular day toward the latter end of the term of this court. Mr. Douthitt then stated to me that he thought he would be able to arrange his business in the U. S. court so as to attend this court at this term, and attend to this case for me. In accordance with this understanding with Mr. Douthitt, I went to Mr. Hick, the attorney for the defense in this case, the week before the term commenced, and stated to him that I wanted to have this case set for trial some special day in the term, so that the trial would likely come off on that day; he stated to me that he had no objection to that. This was the week before this term. I then told him I would go to court on Monday or Tuesday of the first week, and we would then fix a day for the trial of this case. He said that was all right.

"This affiant further states that on Friday or Saturday before this term commenced, he again went to Mr. Hick's office and told him that he, affiant, would go to court on Tuesday and he would fix the day for trial of this case; he then told me that the subpenas for the defense had been issued and were probably in the hands of the officers; that he had entirely forgotten the arrangement made with me. I then asked him if there was not some way that the subpenas could be recalled. He said he thought not, as it was probable some of the witnesses had been served, but that he would consent to set the trial for any day along in the term. I told him that would make too much expense; that I was exceedingly sorry of the mistake; that I wanted the case tried, and would try and get ready for trial on Wednesday, the day it was set for, believing

I could get either Mr. Douthitt or Mr. Case to try this case for me. I went immediately to my office, wrote and mailed a letter to Mr. Douthitt at Topeka, stating that my case was set for Wednesday of the first week; that I had failed to get a day fixed further along in the term; that if he could come on that day, to write me by return mail, as I wanted to employ some one else immediately if he could not come. I received no answer, and immediately wrote to Mr. Case, and mailed the letter to Topeka to him, stating that this case was set for Wednesday, the first week of the term, and if there was any reason that he could not be present and try my case, to write me immediately. I received no answer, and believed that Mr. Case would be certainly here to try this case on Wednesday, knowing that Mr. Case had business at this term of the court; that when this case was called for trial Mr. Case was in town, but not in a condition to do any kind of business. Thus embarrassed and disappointed, I was compelled to employ counsel who knew nothing of the facts in the case, and had but a very short time before the trial actually commenced to consult with counsel and no sufficient time to arrange for trial.

"This affiant further states that the defense in this case was that the plaintiff agreed to perform the services set out in the petition for the sum of $10 for each conviction secured, and that no such conviction was secured. This affiant further states that there was no time or place set out in said defense when or where this pretended contract or agreement was made. This affiant, having perfect knowledge that *no such contract or agreement had been ever made,* was taken by surprise when the defense fixed by their evidence, this pretended contract or agreement on the 11th day of February, 1882, at Westmoreland, and was not as fully prepared to rebut said evidence as he would have been had the defendants set out the time and place of the said pretended contract. No ordinary prudence could have guarded against the difficulties set out in this affidavit. And affiant further states, that he had no knowledge from any source whatever that there would be an attempt to prove the defense set up in their answer on the 11th day of February, 1882."

The court overruled the motion for a new trial, and entered judgment on the verdict against the plaintiff below for costs of suit. The plaintiff presented his bill of exceptions, which was signed by the judge of the court and filed, and made a part of the record in this case. The plaintiff brings the case to this

court by petition in error. The record does not purport to give all the evidence and proceedings in the case in the court below.

The plaintiff in error claims that a new trial should be granted him, because the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The evidence on the trial was conflicting, and the jury, whose province it was to determine the weight and preponderance of the evidence and the credibility of the witnesses, found by their verdict against the plaintiff. The trial court approved the verdict.

It is a well-settled rule of this court, that when there is evidence to sustain the verdict of the jury, and the verdict has been approved by the trial court, this court will not grant a new trial, although there is a conflict of evidence and the preponderance seems to be against the verdict. We think there was evidence sufficient to sustain the verdict, and see no good reason why a new trial should be granted on such grounds.

The further ground on which the plaintiff claims a new trial should be granted is, "surprise which ordinary prudence could not have guarded against." To support this ground the plaintiff states in his affidavit that the attorney he had employed to assist in the trial failed to attend court for that purpose, and that he was compelled to employ other counsel. He made no effort to continue the case, or postpone the trial to a later day. The case was regularly called, and he, without objection, proceeded with the trial.

The only other ground of surprise stated in the affidavit is that the defendants fixed by their evidence the pretended contract described in the second defense of their answer, and that he was not as fully prepared to rebut said evidence as he would have been had the defendants set out the time and place of said pretended contract.

The real ground of surprise seems to have been that the defendants' case was better supported by evidence than plaintiff anticipated. We think that the facts stated in the affidavit do not establish such surprise as requires the court below to grant a new trial.

We find no error in the proceedings of the court below, and the judgment is affirmed.

All the Justices concurring.