Shadduck v. Stotts.

R. B. Shadduck and Martha L. Shadduck v. E. Stotts, *Administrator*.

No. 344.* (59 Pac. 39.)

1. Replevin—*Pleading.* In a replevin action, under a general denial, the defendant may prove any defense that he may have.

2. Practice, Courts of Appeals—*Theory in Trial Court—Review.* Cases are reviewed in this court upon the theory upon which they were tried in the district court, and a theory of defense that was not presented at the trial will not be reviewed by the court of appeals.

3. Finding of Jury—*Question of Fact—Review.* Where a question of fact is presented to a jury upon proper instructions, and the evidence is conflicting, the finding will not be disturbed.

4. Replevin—*Evidence.* The evidence examined, and held incompetent but not prejudicial.

Error from Reno district court; F. L. Martin, judge. Opinion filed November 21, 1899. Affirmed.

*Affirmed by supreme court July 7, 1900. See 62 Kan. —, 61 Pac. 1131.—Rep.

*W. H. Lewis,* and *D. W. Dunnett,* for plaintiffs in error.

*R. J. Cannell, H. Fierce,* and *Prigg & Williams,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by plaintiffs in error to reverse a judgment rendered against them in the district court of Reno county in favor of the defendant in error, E. Stotts, adminis-- trator of the estate of Heber Jones, deceased.

On January 17, 1896, Heber Jones was in possession of the personal property (hotel furniture) involved in this action. R. Bradbridge held a chattel mortgage on the property to secure $200, the payment of which Heber Jones assumed. Bradbridge commenced an action in the district court of Reno county to recover the possession of the goods. An order of replevin was issued, and the sheriff took the property into his possession. A redelivery bond was given; plaintiffs in error signed the bond as sureties for Heber Jones. Before the plaintiffs in error would sign the redelivery bond they required, and Heber Jones did, on the 17th day of January, 1896, execute and de- liver to Martha L. Shadduck a bill of sale on the property in question. The property was returned to Jones, and he remained in possession of it until the 17th day of April, 1896, when he died, without hav- ing paid the mortgage notes. R. B. Shadduck, agent of Martha L. Shadduck, took possession of the goods, claiming that she was the owner by virtue of the bill of sale. The defendant in error, as administrator of the estate of Heber Jones, demanded the possession of the property, stating that he was prepared to pay off

the indebtedness against it.   All the evidence consid-
ered, a sufficient tender by the administrator of the
amount for which Mrs. Shadduck was liable upon the
redelivery bond was made.

The defense in the trial court was based on the the-
ory that the bill of sale was an absolute conveyance.
Plaintiffs in error in their brief now present the same
and a further defense, but no defense not fairly pre-
sented in the trial court will be considered by this
court on review.

The vital question, aside from the possession of the
property in controversy, presented in the court below
was, What was intended by the parties?   Was the bill
of sale an absolute conveyance of the property or was
it intended as a mortgage or contract for indemnity
for the purpose of saving the plaintiff in error from
loss by reason of signing the redelivery bond?   Upon
this point there was conflicting testimony.   The jury
found in favor of the plaintiff below, and upon the
hearing of the motion for a new trial the verdict was
approved by the trial court.   The judgment will not
be disturbed.   (*Beal v. Codding*, 32 Kan. 107, 4 Pac.
180; *U. P. Rly. Co. v. Diehl*, 33 id. 422, 6 Pac. 566; *The
State v. Dorsey*, 37 id. 228, 15 Pac. 240.)

The evidence and instructions complained of have
been considered.   The instructions present the law
applicable to the facts.   The evidence may be con-
sidered incompetent, but it is not so prejudicial as to
compel a reversal.   Upon the defense, as presented
to the trial court, the plaintiffs in error had a fair trial.
Counsel for plaintiffs in error have presented their
theory of the case to this court in an able oral argument
and in a well-prepared brief, but the errors now con-
tended for will not justify a reversal of the case as
tried and determined in the court below.

The judgment of the district court will be affirmed.