Walker v. Eagle Works Manufg. Co.

---

SAMUEL WALKER, et al., v. EAGLE WORKS MANUFG. Co.

PRACTICE; *Report of Referee.* As regards a re-examination in the supreme court, the findings of fact by a referee are equally conclusive with the findings of fact by a court, or the special verdict of a jury.

### Error from Douglas District Court.

THE only question decided in this case is one of practice. The facts so far as material are stated in the opinion. The district court referred the case to N. C., who reported the facts found, and conclusions of law, as provided by § 293 of the code, and upon such report the defendant in error, at the November Term, 1870, had judgment. The defendants below bring the case here for review. Elaborate briefs are filed by counsel upon questions not considered by this court, and hence they are omitted.

*Wilson Shannon*, and *John Hutchings*, for plaintiffs.
*Thacher & Banks*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin brought by defendant in error against Samuel Walker, one of the plaintiffs in error, to recover the possession of certain machinery. Walker held them as sheriff of Douglas county under an order of attachment issued in the case of G. W. Seibert, Elijah Sells and W. H. Sells v. L. B. Maxwell. Upon their application the plaintiffs in the attachment suit were made defendants in the

replevin action. The main question in the case is whether the property belonged to L. B. Maxwell, or to the Eagle Works Manfg. Co. at the time of the attachment. After the pleadings were filed and the issue joined the case was referred to Nelson Cobb, Esq., as sole referee. The report of the referee was in favor of the company, which report was confirmed by the district court and judgment entered accordingly. No exceptions were preserved to the admission or rejection of testimony, and the only question for our consideration is whether the testimony in the case supports the finding of the referee. So far as regards a re-examination in this court, the findings of fact by a referee have equal force with the findings of fact by a court, or the special verdict of a jury. We are not to set them aside simply because the testimony as preserved in the record tends to produce in our minds a conclusion different from that reached by the referee. *Bayer v. Cockrill,* 3 Kas., 282. It is sufficient ordinarily that there be testimony which if believed will support the finding, though there be large amount of conflicting and contradictory evidence. It is possible to conceive of cases where the preponderance is so great that we should feel called upon to interfere; but this is not one of those cases. Here is ample and apparently credible testimony to support the findings. The only one questioned is the finding as to the ownership; and both L. B. Maxwell, the defendant in the attachment suit, and J. J. Blanchard, the agent of the company, swear positively that the property belonged to the company at the time of the attachment. It may be that the contract testified to by Maxwell as made between him and the company is a singular one for business men to make, but the testimony is positive that it was made. Upon that positive testimony the referee might well find as he did. The judgment must be affirmed.

All the Justices concurring.