·JAMES L. HODGES v. WILLIAM C. COLCORD HENRY S. COL-
CORD, C. F. COLCORD AND MARY L. GRIFFITH.

(Filed October 4, 1902.)

1. **CONTEST—Preference Right of Entry.** Where A. has a homestead
filing upon a tract of government land that is subject to homestead
entry, and B., while said homestead filing is intact, enters thereon
and makes settlement, and one day after the settlement of B.,
·C. files a contest in the local land office, charging that A. is dis-
·qualified to hold the land covered by his filing, and from obtaining
·title ` thereto under the homestead laws, by reason of having en-
tered the territory during the prohibited period, and claims a
·preference right; and subsequently, and while said contest is
pending, A. relinquishes his filing to the government, and the
land department holds the relinquishment to be the result of the
contest by ·C: Held, that the preference right of C. is not defeated
or impaired by the adverse settlement claim of B. acquired sub-
sequent to the entry of A.

·2. **HOMESTEAD LAW—Entry, Valid on Face, Segregates Land Until
Canceled.** A homestead entry, valid upon its face, constitutes
such an appropriation and withdrawal of the land as to segregate
it from the public domain, and precludes it from subsequent
homestead entry or settlement until the original entry is canceled
or declared forfeited; in which case the land reverts to the govern-
ment as a part of the public domain, and becomes again subject to
entry under the land laws of the United States. (The rule in
.McMichael v. Murphy et al., this volume, followed.)

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before
B. F. Burwell, Trial Judge.*

*J. S. Jenkins,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

STATEMENT OF FACTS.

The plaintiff sued in the district court of Oklahoma
county to recover the northeast quarter of section _five (5),

township eleven (11), north, range three (3) west, Indian. Meridian, upon the assumption that the defendants hold in trust for him.

The petition alleges that John Gayman entered upon the land in controversy prior to twelve o'clock noon of April 22, 1889, in violation of law, and the proclamation of the president opening said land to settlement; that on the 25th day of April, 1889, said John Gayman filed a homestead entry on said land; that plaintiff entered and made settlement of the land in question on the 22nd day of July, 1889; that Wiliam R. Colcord, father of the defendants herein filed a contest against the said entry of said Gayman on the 23rd day of July, 1889, on the grounds of the disqualification of Gayman; that plaintiff, Hodges, filed a contest against the entry of Gayman, August 23, 1889; that on the 12th day of April, 1893, Gayman relinquished his filing to the United States, which relinquishment was written on the back of his duplicate receipt, and is as follows:

"I hereby relinquish all my right to and interest in and to the government of the United States, and ask that my entry be canceled of record. This relinquishment is made for the reason that my entry is voidable, for the reason that I was in the Oklahoma country at noon of April 22, 1889, and so held by the decision of the supreme court of the United States in the case of *Smith v. Townsend.*

"JOHN GAYMAN.

"Subscribed to and acknowledged before me this 12th day of April, 1892.          D. D. LEACH, Register."

On the same day said relinquishment was filed, Colcord filed homestead entry on said land, being H. E. number 6850. The rights of the plaintiff and Colcord were determined before

the land department in favor of Colcord, the land department holding that the relinquishment of Gayman was the result of the contest by Colcord, and that the settlement of Hodges was made while the entry of Gayman was intact, and that he acquired no right thereby superior to the right of Colcord, and awarded the land to Colcord. A patent was issued to Colcord June 13, 1899; that since the settlement of plaintiff upon said land, and at the time the relinquishment of Gayman was made and filed the plaintiff was and is residing upon said land, and that he has continued to reside upon and cultivate said land for more than five years and, having fully complied with the requirements of the homestead laws, is entitled to the patent for the same; that the land department erred in awarding the land to Colcord, but that the same should have been awarded to plaintiff; that William R. Colcord, deceased, and that the defendants are the heirs of William R. Colcord, who are now claiming said land.

The prayer of the petition was that a trust be declared, and the defendants be decreed to make conveyance of the land to plaintiff. A demurrer was interposed by the defendants on the grounds that the petition did not state facts sufficient to constitute a cause of action, which, upon consideration, was sustained by the trial court. The suit was thereupon dismissed, and judgment for costs rendered against plaintiff. The plaintiff brings the case here upon petition in error for review. Affirmed.

Opinion of the court by ·

BEAUCHAMP, J.: The issue which arises is this: Did the court below err in deciding that the petition of the plaintiff did not state a cause of action? And the only question

raised by the briefs in this case is, whether a party can acquire, by settlement upon a tract of government land, covered by a homestead filing of a person who is disqualified under the act of congress opening the land to settlement from making an entry thereto, a right superior to that of one who, on the following day contests the entry upon the grounds of disqualification of the entryman, and succeeds, by reason of the contest, in having the entry canceled?

The plaintiff contends that the filing of Gayman was void, therefore did not segregate the land in controversy from the public domain; that Gayman had no rights to the land, and that Colcord could gain no right by reason of his contest; that the land remained a part of the public domain until the 22nd day of July, 1889, when plaintiff, Hodges, made settlement thereon, but that the contest of Colcord instituted one day after Hodges' settlement gave him no rights, and that, therefore, the secretary of the interior erred in awarding the land to Colcord, and holding that the plaintiff acquired no rights by reason of his settlement made on the 22nd day of July, 1889, and that the relinquishment filed by Gayman, while the contest of Colcord was still pending, and the same being the result of Colcord's contest, entitled Colcord to a preferance right to file upon and acquire title to said land.

A homestead filing can only be allowed when the applicant shall file with the proper officials an affidavit covering the requirements of the acts of congress entitling him to make such filing, including the necessary allegations of qualifications; upon said affidavit being duly made and filed, and found to be sufficient by the proper authorities, the filing will be allowed, entitling the applicant to enter upon, occupy, and, by

fully complying with the requirements of the law, obtain title to public lands.

When a filing is allowed, the land covered thereby is segregated from the public domain; the entryman, until such filing is canceled by the proper authorities, is entitled to the possession, and required to reside upon and cultivate to acquire title thereto. If the affidavit required is false, or the applicant mistaken as to his qualifications, as alleged, and, in fact he is disqualified, then, under such circumstances, his filing is voidable, and may be canceled upon the proper proceeding before the proper authority, and the land reverts to the public domain. It is necessary, however, before an entry or filing can be canceled, that the applicant shall be granted a hearing before the proper tribunal, and that authority shall first have judicially determined the facts which render the filing subject to cancellation. And in order to better guard against the abuses of the provisions of the homestead law, and that title to the public domain shall not be acquired by fraud, it is provided by the statute that any person may institute contest for any of the reasons that would render such filing voidable. Section two of the act of May 14, 1880, provides:

"That in all cases where any person has contested, paid the land office fees and procured the cancellation of any preemption, homestead or timber culture entry, he shall be allowed thirty days to enter said land."

The filing of Gayman was regular and valid upon its face, and until canceled in a proper proceeding, and by the proper authority, segregated the land from the public domain. Therefore, the settlement of Hodges could avail him nothing until the filing of Gayman was canceled, and the only way to

cancel Gayman's entry was by proper and authorized proceedings. Colcord instituted that proceeding before the proper tribunal, and succeeded in securing the cancellation of the fraudulent entry of Gayman, and was, under the provisions of the act referred to, entitled to the preference, and, if taken advantage of within the time limited, the filing, and by compliance with the law, the title. Colcord did all that was required of him to entitle him to all these benefits. The filing of Gayman was canceled through and under the proceedings instituted and prosecuted by Colcord; and he should have his reward guaranteed him by the statute.

Counsel for plaintiff in error contends that a filing under the circumstances of this case is void; therefore, being void, a contest of the filing could give to the contestant no rights, and being void did not segregate the land from the public domain, therefore, was open to settlement or entry, by the person qualified to make such settlement and entry. That the filing is void, he cites *Calhoun v. Violet,* 173 U. S. 60, and *Patterson v. Wilson,* 65 Pac. 92.

It is true that in the case of *Calhoun v. Violet, supra,* in the opinion delivered by White, J., the following language appears:

"Where the fact that the plaintiff had entered the territory prior to the time fixed by the statute, and the proclamation of the president, having been conclusively determined, it follows, inevitably, and is the legal result, that an entry to land made under such circumstances was void, and that the ruling of the land department, so holding, was correct."

That in the case of *Patterson v. Wilson, supra,* by this court, in the opinion delivered by Hainer, J., the language last

above quoted is quoted with approval.  Both are opinions and decisions rendered upon the question of the rights of litigants in a case wherein it was claimed by the one party, and held by the land department, that the facts and circumstances proved and determined in the case justified the conclusion that under such circumstances the entry and filings were void.

A judgment may be obtained against the defendant in the court having jurisdiction of the subject-matter, upon a return of the proper officers showing due service.  The facts may be that no service was had whatever.  Therefore, under such circumstances, the judgment so rendered is voidable; but being regular upon its face, under many statutes, would cloud the title of the defendant to real property, and that, until by a proper proceeding in a proper court, the facts rendering such judgment void are shown to exist and the judgment vacated.

In case an entryman has secured a fraudulent entry upon the public lands by making the necessary affidavits and unless the matter is called to the attention of the proper authorities in an authorized proceeding, the applicant may eventually acquire title to the tract of land in controversy covered by such fraudulent and voidable entry, and convey the same to an innocent purchaser, thereby displace the land covered from the public domain forever. And for this reason the statute above quoted was enacted.

It is contended that because Hodges was actually upon the land as a settler at the time Gayman filed his relinquishment, that his right attached between the time of the relinquishment and the filing by Colcord.  This would be true if it were not

for the fact that Colcord was a contestant for the land, and by virtue thereof was entitled to the preference right of entry.

Now, many cases may be found decided by the interior department, wherein it is held that the rights of a settler upon government land attach at the instant the entry upon the land is canceled, and as beween parties upon the land covered by an entry it may be said that the first settler in point of time, will be entitled to enter such land.

We are of the opinion that under the law the doctrine will be affirmed that a settlement made and covered by an existing entry confers no superior, or any right whatever as against the contestant where such entry is canceled as a result of a contest for a preference right. If this were not true, the very purpose for which the law was passed, which gives to the successful contestant a preferred right of entry, would be defeated.

The law, in our judgment, contemplates that persons who go to the trouble and expense of successfully contesting an entry, shall enjoy the fruits of their victory. The land department, by its decision, a copy of which is attached to plaintiff's petition, found from the evidence before them that the relinquishment of Gayman was the result of the contest of Colcord, and awarded the land to Colcord. In this we find no error. Upon the facts and under the circumstances found by the land department the conclusions of law were correct. (*Sproat v. Durland,* 2 Okla. 24.)

The judgment of the trial court sustaining the demurrer and dismissing the action with costs to the plaintiff, was right,

and must, therefore, be affirmed, with costs to plaintiff in error.

Burwell, J., having presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.