Amelia M. Holt v. A. H. Classen, Samuel Murphy, J. H.
Everest, J. H. Wheeler, Ewers White, C. W. Ransom,
Ferdinand Batchelder, and The Classen Company, *a
Corporation*.

(Filed September 4, 1907.)

(91 Pac. 866.)

**PUBLIC LANDS—Entries—Priorities—Premature Entry.** A settlement
or entry on public land already covered of record by another;
entry, valid upon its face, does not give a second entryman any
rights in the land notwithstanding the fact that such entry may
subsequently be relinquished or ascertained to be invalid by
reason of facts dehors the record of such entry; and one first
entering after the relinquishment or cancellation has priority
over one attempting to enter prior to such relinquishment or can-
cellation. Following *McMichael v. Murphy*, 197 U. S. 304.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James
K. Beauchamp, Trial Judge.*

Affirmed.

*John S. Jenkins,* for plaintiff in error.

*J. H. Everest* and *O. T. Smith,* for defendant in error.

STATEMENT OF FACTS.

The amended petition upon which this action is predicated
sets forth that the plaintiff is the sole surviving heir of Levi Holt,
who on or about the 11th of March, 1890, filed his soldier's declara-
tory statement and application to make homestead entry on the
southwest quarter of section 27, township 12, range 3 W. I. M.,
in the proper U. S. land office in accordance with the laws of the
United States and established rules of the land department. It
appears from the petition and exhibits that one Ewers White was
at the time a homestead entryman of the tract involved, that his
entry had been contested by one Blanchard, and White's home-

stead entry was held for cancellation by the commissioner of the general land office. Holt's declaratory statement and application to enter the land. was made during the time, and while White had a right to appeal from the decision of the commissioner to the secretary of the interior, which appeal was in due time perfected and White's entry thereby preserved intact pending a determination by the secretary of the interior of the matters presented by such appeal. While the right of White to the land was pending before the secretary, White, on November 29, 1890, relinquished his homestead entry to the tract, and Murphy was allowed to make homestead entry thereon. The allowance of such entry at that time, and while Holt's application to file declaratory statement was pending and suspended, was held by the department of the interior to be erroneous; but, in view of the fact that Murphy's entry was of record, the department ruled that Murphy would be allowed thirty days from the date of notice to show cause why his entry should not be cancelled and Holt's application placed of record. This order brought on before the department a contest between Murphy and Holt which resulted ultimately in a determination by the secretary of the interior in favor of Holt's right to enter the land. Pending the contest between Holt and Murphy, Holt died, and his rights were revived in the name of Amelia M. Holt, plaintiff herein, as sole surviving heir, and she thereafter was represented before the department by the defendant, C. W. Ransom, who on June 14, 1897, and after the determination by the secretary of the interior of the right of the heirs of Levi Holt to enter the tract as a homestead, filed in the local office a waiver of the preference right of such heirs to make homestead entry of the tract in accordance with the decision of the secretary of the interior, and asked on behalf of such heirs to withdraw all claims in consideration (as recited in said waiver) of the receipt of $2,000 to them in hand paid by Samuel Murphy. which waiver was signed by C. W. Ransom and acknowledged before S. M. Dilley, register of the local land office, and the de-

fendant Samuel Murphy was thereafter permitted to make homestead entry of the tract.

The petition of the plaintiff then alleges that the act of Ransom in waiving plaintiff's right was without her knowledge or consent; that no part of the consideration received by Ransom was ever paid to her; that she relied upon Ransom as her attorney to keep her informed as to her rights, but that he deceived her by concealing from her the fact that a preference right of entry had been awarded to the heirs of Levi Holt, and of the fact that he had entered a waiver of the right of said heirs to the tract as above stated; and that she did not discover the fraud until about the 8th day of September, 1901. The petition of plaintiff further recites that the defendants on the 14th day of June, 1897, conspired and confederated with the said Ransom to cheat and defraud plaintiff out of her right to said land, and acted together with said Ransom in executing and filing said waiver as above set forth, and charges that the defendant C. W. Ransom, for a consideration paid by the other defendants, and by the assistance and counsel of the other defendants, except the Classen Company, filed a waiver of all of plaintiff's rights to said land, in the local land office. It is further charged that on the 19th of January, 1898, the defendant fraudulently procured a patent to the land to be issued by the government to the defendant Samuel Murphy, and that he thereafter fraudulently conveyed 120 acres of said land to the other defendants, retaining to himself 40 acres thereof. The petition then in detail charges specific acts of fraud on the part of each one of the defendants (except the Classen Company) participated in by all the defendants, each and all of which acts were entered into, done, and performed with the intent and purpose of each of said defendants, thereby to cheat and defraud the plaintiff out of her right to enter said premises awarded her by the said decision of the secretary of the interior. The acts of the several defendants by which the plaintiff claims to have been defrauded consisted in manipulating the title to said lands by deeds

and· mortgages in such way as to place the same beyond the reach of any action by the plaintiff to recover the same, and as well also to distribute the value of said premises ratably among the said defendants. The value of said premises is alleged to be the sum of $175,000, and to that extent the plaintiff alleges she has been damaged by the wrongful and fraudulent acts of the said defendants set out in the petition.

To the petition of the plaintiff each of the defendants filed their separate demurrers upon three grounds: (1) That the action was barred by the statute of limitations; (2) that it did not state facts sufficient to constitute a cause of action; and (3) that there is a misjoinder of parties defendant. The cause coming on before the trial court upon these demurrers, the court sustained the same as to each of the defendants upon the second ground, and from this ruling and judgment of the court the cause comes to this court for review, upon the error alleged to have been committed in sustaining such demurrers. The foregoing is a statement of the material facts set out in the petition and exhibits thereto attached.

Opinion of the court by

GILLETTE, J.: In considering this case, based upon the facts above stated, we shall consider the same in the light only as presented by the brief of the plaintiff in error, and in such brief the plaintiff in error states:

"There is but one question raised in this case: Did the application of Levi Holt to enter the land in controversy initiate a right to said land in favor of Levi Holt; which application was made, and received by the register and receiver of, the local land office, and the legal fees tendered on the 11th day of March, 1890, and suspended on the same day, to await the determination of White et al., on appeal, said application being made four days after the final judgment of the commissioner, and before an appeal was taken to the secretary?"

This presentation of the issue narrows the question for our

determination to the single proposition: Was the tendered entry of Holt rightfully received and held suspended at the time it was tendered March 11, 1890, and while the homestead entry of Ewers White remained intact upon the land?

It will be observed that Holt's application was not in any sense an application to contest the validity of any existing entry of or right to the land, but was an application to enter the same and file thereon a soldier's declaratory statement, which application was by the officials of the local land office received, but held suspended pending a complete determination of the then existing rights of White et al., under the entries which segregated the tract from the public domain. If the land was in fact segregated from the public domain at the time Holt tendered such entry, the local land office had no jurisdiction to accept another original right or application to enter the land, which in and of itself would be an act of segregation. It is' true that one homesteader believing himself entitled to the land may enter a contest for the determination of such right against all existing entries or applications, but this is the extent of his right under such conditions. A tendered homestead entry or application to enter a tract of land already segregated from the public domain carries with it no legal right thereto. A homestead right to a tract of the public domain may be initiated in two ways: First, by an actual *bona fide* settlement upon the land; second, by a homestead entry thereof at the local land office. A valid initiatory right may be secured in either of these ways, and one is as effective as the other. The first of these inceptive rights that is exercised establishes an inchoate right to the land. If each of these rights is initiated at the same time by different persons, the land office will call a hearing to determine which, in point of time, was first, and award the land accordingly. If a tract of land already segregated from the public domain by an existing entry could have another valid right thereto attached, as an original homestead right, then such right might be initiated by set-

tlement as well as by a tendered entry at the land office; but this proposition is squarely denied by the decision of the supreme court of the United States in *McMichael v. Murphy*, 197 U. S. 304, involving this same tract of land. In that case it appears that, while White's homestead entry was still intact, of record, McMichael, on June 3, 1889, attempted to initiate a homestead right thereto by establishing a residence thereon. He was ejected from the land, and the land having subsequently been patented to one Murphy, whose right thereto attached by a homestead entry allowed subsequently to the settlement right of McMichael, he (McMichael) brought suit against Murphy seeking thereby to have Murphy's title to the land held a trust for his use and benefit. This court denied him that right (*McMichael v. Murphy*, 12 Okla. 155, 70 Pac. 189), and the supreme court of the United States, review-in this decision (197 U. S. 304), says:

"Following the adjudicated cases, we hold that White's original entry was *prima facie* valid, i. e., valid on the face of the record, and McMichael's entry, having been made at a time while White's entry remained uncancelled, or not relinquished, of record, conferred no right upon him, for the reason that White's entry, so long as it remained undisturbed, of record, had the effect to segregate the lands from the public domain and make them not subject to entry. Upon White's relinquishment they again became public lands, subject to the entry made by Murphy."

It will be observed that the supreme court uses the word "entry" without distinguishing between a homestead entry at the land office and the initiation of a homestead right by settlement, but holds that lands are segregated by a homestead entry, from the public domain, and no valid entry can thereafter be made upon the land until it is restored to the public domain by a cancellation of the entry that segregated it. Following this decision of the supreme court of the United States, the supreme court of this territory, in *Holt v. Murphy*, 15 Okla. 12, 79 Pac. 265, a case involving this same tract of land, and the rights thereto of these same parties, held:

"(1) A homestead entry, valid upon its face, constitutes such an appropriation and withdrawal of the land as to segregate it from the public domain, and, so long as it remains a subsisting entry, precludes it from subsequent entry. (2) A homestead application to enter land already covered by a subsisting homestead entry can confer no right whatever upon the applicant. (3) Where an application to enter land already covered by a homestead entry is received by the local land office and rejected, and an appeal is taken from such action, it is not a pending application that will attach on the cancellation of the previous entry, since the appeal cannot operate to create, as matter of law, any right not secured by the application."

The rule thus laid down by this court is in accord with the determination of the supreme court of the United States in *Hodges v. Colcord,* 193 U. S. 192, wherein said court uses the following language:

"Gayman's homestead entry was *prima facie* valid. There was nothing on the face of the record to show that he had entered the territory prior to the time fixed for the opening thereof for settlement, or that he had in any manner violated the statute or the proclamation of the president. This *prima facie* valid entry removed the land, temporarily at least, out of the public domain, and beyond the reach of other homestead entries."

An examination of the case last cited shows that such an entry, although void, by reason of the disqualification of the entryman to make it, nevertheless operates to so segregate the tract involved from the public domain as to preclude the initiation of another homestead right to the same tract by entry, until the voidable entry has been canceled.

The authorities here cited, we think, justify the conclusion that the question presented in this case by the plaintiff in error should be determined in the negative.

The judgment of the court below is therefore affirmed.

Irwin, Garber, and Hainer, J. J., absent; all the other Justices concurring.