(December 2, 1911.)

## RACHEAL KING, Respondent, v. GREAT NORTHERN RAILWAY CO., a Corporation, Appellant.

[119 Pac. 709.]

PUBLIC LANDS—UNCANCELED HOMESTEAD ENTRY—PRIMA FACIE VALID—LAND SEGREGATED FROM PUBLIC DOMAIN—CONTEST—CANCELING ENTRY—RIGHTS OF CONTESTANT—PREFERENCE RIGHT TO ENTRY—DESTRUCTION BY FIRE OF GROWING TIMBER — DAMAGES — RIGHT TO MAINTAIN ACTION FOR—REAL OWNER.

(Syllabus by the court.)

1. Where C. made a homestead entry on certain land in 1902, and erected a cabin thereon, and on February 15, 1906, K. entered upon said land and took possession of said cabin with the intention of contesting C.'s entry and entering said land as a homestead, and thereafter in May, 1906, filed a contest in the United States land office, and in July, 1906, a large amount of the timber standing on said land was destroyed by a fire alleged to have been negligently set by the railway company, and thereafter on the 18th day of December, 1907, said contest was decided in K.'s favor, and on January 14, 1908, K. entered said land as a homestead, *held*, that as K. had not made her homestead entry prior to the date of the destruction of said timber by fire, she was not the owner of said timber and could not maintain an action to recover the value of the timber so destroyed.

2. So long as C.'s entry remained uncanceled, the land included therein was segregated from the public domain and precluded K. from acquiring an inceptive right thereto by virtue of her residence on said land.

3. Sec. 2297, Rev. Stat. of the U. S., prescribes the procedure for the cancellation of a homestead entry where the entryman has failed to comply with the law, and in case a contest is instituted against a homestead entry and is successfully prosecuted, upon the cancellation of such entry the land so entered reverts to the government with a preference right to the contestee to enter the same as a homestead under the rules and regulations of the department, after the cancellation of the contested entry.

4. As K.'s homestead entry was made on the 14th of January, 1908, upon the issuance of the patent the right of K., under the doctrine of relation, only relates back to the date of her entry and not to the date when the contest was begun.

. 5. *Held,* under the facts of this case that K. had no such right or interest in the land and the timber growing thereon at the date such timber was destroyed by fire as to entitle her to maintain this action.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. Robt. N. Dunn, Judge.

Action to recover for the alleged negligent destruction of standing timber by fire. Judgment for the plaintiff. *Reversed.*

H. H. Taylor, for Appellant.

The right to institute the action for damages in such a case is vested by the law in the real owner of the property, and not in the one who without color of right is in possession thereof. (*Mathews v. Great Northern Ry. Co.,* 7 N. D. 81, 72 N. W. 1085; *Northern Pac. Ry. Co. v. Lewis,* 162 U. S. 366, 16 Sup. Ct. 831, 40 L. ed. 1002; *Missouri Pac. Ry. Co. v. Cullers,* 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542.)

Her possession was that of a mere naked trespasser and would not raise any presumption of ownership. (*Shiver v. United States,* 159 U. S. 491, 16 Sup. Ct. 54, 40 L. ed. 231; *Conway v. United States,* 95 Fed. 615, 37 C. C. A. 200; *United States v. Ball,* 31 Fed. 667, 12 Saw. 514.)

Entries of record, *prima facie* valid, appropriate the lands covered thereby, and while they remain uncanceled the land is not subject to further entry (*Witherspoon v. Duncan,* 4

Wall. (U. S.) 210, 18 L. ed. 339; *Hodges v. Colcord,* 193 U. S. 192, 24 Sup. Ct. 433, 48 L. ed. 677; *Carroll v. Safford,* 44 U. S. (3 How.) 441, 11 L. ed. 671) until the original entry be canceled or declared forfeited, in which case the land reverts to the government as part of the public domain, and becomes again subject to entry under the land laws. (*Hastings & Dakota Ry. Co. v. Whitney,* 132 U. S. 357, 10 Sup. Ct. 112, 33 L. ed. 363; *Kansas Pac. Ry. Co. v. Dunmeyer,* 113 U. S. 629, 5 Sup. Ct. 566, 28 L. ed. 1122; *Whitney v. Taylor,* 158 U. S. 85, 15 Sup. Ct. 796, 39 L. ed. 906; *N. P. Ry. Co. v. Sanders,* 166 U. S. 620, 17 Sup. Ct. 671, 41 L. ed. 1139; *McMichael v. Murphy,* 197 U. S. 304, 25 Sup. Ct. 460, 49 L. ed. 766.)

So long as Campbell's entry remained uncanceled of record, it segregated the tract of land from the mass of the public domain and precluded Racheal King from acquiring an inceptive right thereto by virtue of her alleged settlement. (*McMichael v. Murphy, supra; Ex parte Eva Brown,* 3 L. D. 150; *Gourley v. Countryman,* 18 Okl. 220, 90 Pac. 427; *Holt v. Classen,* 19 Okl. 131, 91 Pac. 866.)

The whole theory of her case has been an injury to the land and to the fee, and the introduction of evidence as to her settlement and intention are entirely immaterial and incompetent. (*Mo. Pac. Ry. Co. v. Cullers, supra; Knoth v. Barclay,* 8 Colo. 300, 6 Pac. 924; *Colo. Con. L. & W. Co. v. Morris,* 1 Colo. App. 401, 29 Pac. 302.).

B. S. Bennett, and Peter Johnson, for Respondent.

In contemplation of law, the land is restored to the public domain as soon as the abandonment takes place. (*Street v. Delta Min. Co.* (Mont.), 112 Pac. 701; *Love v. Flahfive,* 205 U. S. 196, 27 Sup. Ct. 486, 51 L. ed. 768.)

Respondent's rights to said lands, after the contest was decided in her favor, would by operation of law date back to the time when she first took possession thereof on February 15, 1906, between three and four months before the fire occurred.

.Even a squatter upon the public lands of the United States has such a possession as would entitle him to sue a railroad company for damaging the property or the improvements thereon.   (2 Jaggard on Torts, 669; *Witt v. St. Paul & N. P. Ry. Co.,* 38 Minn. 123, 35 N. W. 862; *Fort Worth & N. O. Ry. Co. v. Smith* (Tex. Civ. App.), 25 S. W. 1032; *Galveston H. & S. A. Ry. Co. v. Rheimer* (Tex. Civ. App.), 25 S. W. 971; *Pac. Express Co. v. Dunn,* 81 Tex. 85, 16 S. W. 792.)

Mere possession without title, but under claim of right, is sufficient to sustain the action.   (*Anthony v. Railroad Co.,* 162 Mass. 60, 37 N. E. 780; *Marks v. Sullivan,* 8 Utah, 406, 32 Pac. 668, 20 L. R. A. 590; *McFeters v. Pierson,* 15 Colo. 201, 22 Am. St. 388, 24 Pac. 1076; *Martin v. Pittman,* 3 Colo. App. 220, 32 Pac. 840; *Stahl v. Grover,* 80 Wis. 650, 50 N. W. 589; *Rogers v. Duhart,* 97 Cal. 500, 32 Pac. 570; *Barbarick v. Anderson,* 45 Mo. App. 270; *Gulf, C. & S. F. Ry. Co. v. Johnson,* 54 Fed. 474, 4 C. C. A. 447; *McClellan v. St. Paul M. & M. Ry. Co.,* 58 Minn. 104, 59 N. W. 978.)

SULLIVAN, J.—This action was brought by the plaintiff, who is respondent here, against the Great Northern Railway Co., a corporation, to obtain damages for the alleged negligent destruction by fire of certain standing timber growing on the northeast quarter of section 30, township 59 N., range 1 west of Boise meridian, in Bonner county, and was tried upon a second amended complaint, which will be referred to as the complaint.

To said complaint a demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and was overruled by the court.   All of the allegations of the complaint were denied except the allegations of the incorporation of the defendant railroad company and its compliance with the laws of Idaho in regard to foreign corporations.

Upon the issues thus made the cause was tried by the court with a jury and verdict and judgment given and entered in favor of the plaintiff for the sum of $5,000 and costs of suit.

A motion for a new trial was denied and this appeal is from the judgment and from the order denying the new trial.

The overruling of the general demurrer to the complaint is the first error assigned.

It is alleged in the complaint, among other things, that at the time the plaintiff took possession of the land described therein, to wit, February 15, 1906, "the same had been previously filed upon by one Charles A. Campbell on December 2d, 1902," as a homestead; that plaintiff had resided thereon ever since February 15, 1906; that she instituted a contest in the United States land office at Coeur d'Alene on May 28, 1906, against the Campbell entry; that on December 18, 1907, because of her contest, Campbell's homestead entry was canceled, and that on January 14, 1908, plaintiff made homestead entry for said land. The damage by fire is alleged to have occurred on July 24, 1906.

Plaintiff seeks to recover for standing timber which she alleges was burned through the carelessness and negligence of the defendant, and the main question raised on this appeal is whether or not the plaintiff's interest in the land in question and the timber growing thereon was sufficient at the time of its destruction by fire to give her a right to maintain this action, and all of the assignments of error are based upon the contention of defendant that the plaintiff had no right to maintain this action, for the reason that she was not the owner of and had no interest in the land or the timber growing thereon at the time of the destruction of the timber. The plaintiff had not made a homestead entry for said land at the time said timber was destroyed, but had filed a contest against the entry of said Campbell. She prosecuted her contest successfully and said Campbell's entry was canceled by the commissioner of the general land office on December 18, 1907, and thereafter on the 14th of January, 1908, she entered the land as a homestead.

The question, then, is directly presented whether under that state of facts she had such an interest in said land and the timber growing thereon as would give her a right to maintain

this action and recover for timber destroyed about eighteen months prior to the time she made her homestead entry.

We will first determine what right or interest, if any, the respondent had in and to said land and the timber standing thereon at the date the fire occurred, to wit, July 24, 1906. She had settled on said land by moving into the cabin owned by Campbell, the first entryman, and had put in some garden and had done a little fencing. In May prior to the fire she had entered a contest against the entry of Campbell, which contest was finally determined in her favor on December 18, 1907. While her entry and residence on said land was not in any manner interfered with by Campbell, the first entryman, she acquired no special rights thereunder to the timber standing on said land. By her successful contest against Campbell's entry, she acquired on December 18, 1907, a preference right for thirty days to enter or file upon said land in the local United States land office. This she did on the 14th of January, 1908, and on that date she first connected herself with the title in the government in a manner that would entitle her to a patent from the government for said land on her compliance with the homestead law. The preference right that was given her under the law and the rules of the land department was a mere privilege which might have been waived by her or would have been lost had she not exercised it within the time limited for its exercise. So long as Campbell's entry for said land remained uncanceled of record; it segregated said tract of land from the public domain and precluded any person from acquiring an inceptive right thereto by virtue of a settlement or residence on said land. (See *McMichael v. Murphy*, 197 U. S. 304, 25 Sup. Ct. 460, 49 L. ed. 766.)

In *Holt v. Classen et al.*, 19 Okl. 131, 91 Pac. 866, the court held that a settlement or entry on public land already covered, of record, by another entry, valid on its face, does not give the second entryman any right in the land, notwithstanding the fact that such entry may subsequently be relinquished or is ascertained to be invalid by reason of facts *dehors* the record of such entry, and quotes from the case of *Hodges v.*

*Colcord,* 193 U. S. 192, 24 Sup. Ct. 433, 48 L. ed. 677. Referring to that case, the court said:

"An examination of the case last above cited shows that such an entry, although void, by reason of the disqualification of the entrymen to make it, nevertheless operates to so segregate the tract involved from the public domain as to preclude the initiation of another homestead right to the same tract by entry, until the voidable entry has been canceled."

Such an entry is voidable but not absolutely void.

It was held in *Witherspoon v. Duncan,* 4 Wall. (U. S.) 210, 18 L. ed. 339, that under the rulings of the land department, entries of record *prima facie* valid appropriate the lands covered thereby, and while they remain uncanceled the land is not subject to further entry.

It was held in *Atherton v. Fowler,* 96 U. S. 513, 24 L. ed. 732, that a' right to make a settlement on the public domain was to be exercised on unsettled land; to make improvements on unimproved land; that to erect a dwelling-house did not mean to seize some other man's dwelling; that such right had reference to vacant land,—to unimproved land.

The provisions of sec. 2297, Rev. Stat. of the U. S., prescribes the procedure or method for the cancellation of a homestead entry where the entryman has failed to comply with the law, and after due notice to the entryman and certain proof offered showing that the entryman has changed his residence or abandoned the land for more than six months at a time, "then and in that event the land so entered shall revert to the government.". A valid entry presumptively so remains until it has been canceled as provided by law, and the land covered thereby is not subject to re-entry until the first entry has been thus canceled. As said land was not subject to entry at the date the respondent settled upon it, she could not acquire any special right or interest in the title to said land until after her contest had been determined and until she had entered the same as a homestead or made the proper application under the law, which she did on January 14, 1908. Applying the recognized doctrine that upon issuance of a patent the right of the patentee relates back to the inception of his right,

respondent's right would only relate back to January 14, 1908, the date she made her homestead entry. That being true, she could acquire no right under the law until Campbell's entry was canceled and she had made the proper entry therefor. And if her right did not relate back to the time the timber was burned, the 24th of July, 1906, she had no such right to the land and the timber thereon at that date as would enable her to maintain this action. The government was the owner and had the title to said land at the date of the destruction of said timber by fire, and the right to institute an action for damages for destruction of said timber, if vested in anyone, was vested by law in the United States, as it was the real owner of the property.

In the case of *Mathews v. Great Northern Railway Co.,* 7 N. D. 81, 72 N. W. 1085, the court had under consideration an action for the recovery of damages for the destruction of hay and standing grass, and the defendant in that case defended on the ground that the plaintiff had no title to the property, which the court held it might do. In the course of the opinion, the court said:

"The injury in such a case is suffered by the real owner, and not by the one who has possession without right as against such real owner. . . . . But, when the property itself is destroyed by the wrongful act of another, the wrongdoer is allowed to interpose the defense that the plaintiff has no title in order to protect himself against double liability, the right to institute the action for damages in such a case being vested by the law in the real owner of the property, and not in the one who without shadow of right is in the possession thereof. These principles are elementary, although courts, from failure to discriminate, have sometimes departed from them as in *Railroad Co. v. Lewis,* 51 Fed. 658, 2 C. C. A. 446. The law on this subject is stated with great clearness and force by Mr. Justice Peckham in *Railroad Co. v. Lewis,* 162 U. S. 366, 16 Sup. Ct. 831," 40 L. ed. 1002; *Mo. Pac. Ry. Co. v. Cullers,* 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542.

The timber involved in the case at bar was standing timber and a part of the realty, and prior to the issuance of the final

certificate to the respondent, her rights as a homestead entry-
man in respect to the timber standing on the land entered
were simply analogous to those of a tenant for life or for
years. (*Shiver v. United States*, 159 U. S. 491, 16 Sup. Ct.
54, 40 L. ed. 231.) But she had not connected herself with
the government by entry of said land until about eighteen
months after the timber in question had been destroyed.

We therefore hold that the respondent had no such right
or interest in said real estate or the timber growing thereon
at the time said timber was destroyed as would give her a
right to maintain this action. Having so concluded, it will
not be necessary for us to pass upon the other errors assigned
on this appeal. The judgment is therefore reversed and the
cause remanded with instructions to the lower court to enter
judgment in favor of the appellant. Costs of this appeal are
awarded to the appellant.

Stewart, C. J., and Ailshie, J., concur.