## MARRS *et al.* v. BARNES.

N . 6260.  Opinion Filed February 15, 1916.

(155 Pac. 560.)

APPEAL AND ERROR—Findings of Fact—Evidence. Where the evidence is conflicting upon material issues involved, or there is evidence reasonably tending to establish the allegations of the prevailing party, the findings of the trial court will not be disturbed on appeal to this court.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Adair County;* .
*John H. Pitchford, Judge.*

Action by J. L. Marrs and another against B. S. Barnes and another. Judgment for the defendant named, and plaintiffs and Lafayette Barnes, defendant, bring error. Affirmed.

*P. Helton,* for plaintiffs in error.
*E. B. Arnold,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought to recover possession of lots 2 and 3, in block 54, in the town of Westville, Adair county, Okla., and quiet title thereto. An answer was filed, and trial had to the court without a jury, resulting in a judgment in favor of the defendant in error, quieting her title to said premises, and judgment against her in favor of her codefendant, Lafayette Barnes, for $123, the remaining portion of the purchase price of said premises, together with taxes.

It is admitted that the only question presented by this record is: Did Lafayette Barnes sell the house and lots in controversy to Bert Barnes, the husband of defendant in error, and, if so, was the agreement rescinded? This is the gist of the action, and an examination of the record discloses that it was a controverted question of fact as to whether or not Lafayette Barnes did sell the house and lots to Bert Barnes, and also as to whether or not the sale, if made, was afterwards rescinded. The defendant in error's title is based upon a decree of divorce wherein she was awarded the property in controversy. There was evidence that as late as January, 1913, the defendant in error went to Lafayette Barnes, tendered the balance due of $100 on the purchase price, and demanded a deed, but that she was informed that he would not deed her the premises, but would deed the same to her husband, and that nothing was said at that time about having rescinded the contract. It is the general rule in this state that where the evidence is conflicting upon material issues involved, or there is evidence reasonably tending to establish the allegations of the prevailing party, the findings of the trial court will not be disturbed on appeal to this court.

The judgment should therefore be affirmed.

By the Court: It is so ordered.