## LENA et al. v. PATTERSON, Ex'r, et al.

No. 11551—Opinion Filed Sept. 29, 1925.

(Syllabus.)

1. **Wills — Probate — Appeal — Conclusiveness of Findings.**

Where the trial court makes a finding of facts, substantially meeting all statutory requirements, for the probate of a will, and each fact is sustained by the weight of the evidence relevant thereto, the finding will not be disturbed on appeal.

2. **Wills—Mental Capacity — Proof — Effect of Guardianship.**

The existence of a guardianship does not of itself constitute legal incapacity to make a will, but is no more than evidence of the fact of incapacity and may be overcome by parol proof that testatrix was mentally competent at the time the will was executed.

The question of mental capacity to make a will is a question of fact, and is to be determined from the condition of testatrix's mind at the time of making the will.

3. **Same—Finding of Mental Capacity Sustained.**

The trial court having found as a fact that testatrix was mentally competent to dispose of her property at the time of making her will, such findings not being against the weight of the evidence, the judgment based thereon will be affirmed.

Error from Superior Court, Okfuskee County; John L. Norman, Judge.

Action by Hettie Lena and Peter, or Peter Tiger, contestants below, against J. B. Patterson, executor of the purported last will of Rhoda Tiger, deceased, Thomas or Cheparney McCullier, George McCullier, Lucy Caesar, W. N. Barry, Clarence C. Patten, Lucy Scott, Albert Stewart, Albert Spaker, Sallie Deer, Nancy Lee, Charley Lena, Ellen Fish, Jess Bruner and Jennie Chisholm, proponents below, contesting the will of Rhoda Tiger, deceased. Judgment for proponents, and contestants bring error. Affirmed.

Diamond & Orr, Stuart, Sharp & Crice, and John F. Sharp, Jr., for plaintiffs in error.

J. B. Patterson, C. T. Huddleston, and Logan Stephenson, for defendants in error.

HARRISON, J. This appeal is to reverse the judgment of the superior court of Okfuskee county, sustaining the judgment of the county court in admitting a will to probate.

On November 22, 1918, Rhoda Tiger, a half-blood Creek Indian, duly enrolled, made

a will disposing of all her property. On January 11, 1919, testatrix died. On January 28, 1919, her will was presented to the county court of Okfuskee county for probate. Certain parties, including plaintiffs in error, appeared and contested the probate of said will. On April 11, 1919, a hearing was had before the county court and the will admitted to probate. Contestants appealed to the superior court of said county, where the case was tried de novo, and judgment rendered, sustaining the county court and ordering the will to be probated, and plaintiffs in error appeal to this court for reversal of the judgment.

The errors assigned may all be properly disposed of under the two assignments, "that the judgment is not supported by the evidence," and "is contrary to law."

The trial court made the following finding of facts:

"Rhoda Tiger was a Creek Indian citizen of the half-blood duly enrolled as such opposite Creek Roll No. ——; that she died on or about the 11th day of January, 1919; and that at the time of her death she was a bona fide resident and inhabitant of Okfuskee county, state of Oklahoma; and that the county court of said Okfuskee county, Okla., is the court having jurisdiction of the settlement of her estate.

"That on the 22 day of November 1918, in the county of Okfuskee, state of Oklahoma, the said Rhoda Tiger, in the presence of S. Thompson, P. W. Deweber and Geo. C. Gray, as attesting witnesses, subscribed in her own hand, by her mark, the written instrument purporting to be her last will and testament, which is propounded for probate as such in this case by J. B. Patterson, named as executor in said will.

"That at the time of her said subscription said Rhoda Tiger was over the age of 18 years and of sufficient testamentary capacity and competent to make a last will and testament and that the contents of said written instrument so executed and subscribed by her represented her wishes relative to the disposition of her property.

"That each of the attesting witnesses, S. Thompson, P. W. Deweber and Geo. C. Gray, signed his name as a witness at the end of said instrument at said Rhoda Tiger's request and in her presence and in the presence of each other.

"That at the time of the execution and subscription of said instrument, said Rhoda Tiger was of sufficient testamentary capacity and competent to make a last will and testament and free from duress, menace, fraud or undue influence.

"That J. B. Patterson named in said instrument as executor, is in all respects competent to serve as such executor."

Upon which finding the court decreed:

"That the aforesaid instrument purporting to be the last will and testament of Rhoda Tiger, deceased, had in all respects been duly executed and attested and is a valid instrument and as such is the last will and testament of said Rhoda Tiger, deceased.

"That the said instrument in its entirety should be admitted to probate as the last will and testament of Rhoda Tiger, deceased.

"That these proceedings be remitted to the county court of Okfuskee county, Okla., for further proceedings in accordance with the foregoing findings and conclusions, and that the cost of these proceedings be paid by the estate of Rhoda Tiger, deceased, in due administration of her estate.

"It is therefore considered, ordered, adjudged and decreed by the court that said instrument so propounded as aforesaid be and the same is hereby allowed and the probate thereof granted as and for the last will and testament of said Rhoda Tiger, deceased, and that the same, together with the proofs thereof, be and is hereby established as a valid will passing both real and personal estate; that the action of the county court of said Okfuskee county, Okla., in admitting, allowing and establishing said will be, and the same are hereby in all things approved and confirmed.

"It is further ordered that these proceedings be remitted to said county court for further action herein in accordance with these findings and conclusions and as by law in such cases made and provided."

The facts thus found substantially meet all requirements of the statutes for admitting a will to probate, and having read the record of testimony, we cannot say that any particular fact found is against the weight of evidence relevant to such fact. This being true, the finding will not be disturbed. Hixon v. Hubbell, 4 Okla. 224, 44 Pac. 222; Holt v. Murphy, 15 Okla. 12, 79 Pac. 265, affirmed in 207 U. S. 407, 52 L. Ed. 271; Eager v. Seeds, 21 Okla. 524, 96 Pac. 646; Marrs v. Barnes, 55 Okla. 590, 155 Pac. 560; In re Wah-kon-tah-he-um-pah's Estate. 109 Okla. 126 234 Pac. 210.

Nor will a judgment of the trial court be reversed where supported by the clear weight of evidence. Rees v. Egan, 66 Okla. 20, 166 Pac. 1038; Crump v. Lanham, 67 Okla. 33, 168 Pac. 43; Winemiller v. Page, 75 Okla. 278, 183 Pac. 501.

While the question is not definitely referred to, neither in the finding of facts nor in the journal entry of judgment, yet it appears from the record that some time prior

to the execution of her will testatrix had been adjudged mentally incompetent to manage her property affairs, and the proceedings in the county court for a guardianship on the ground of her mental incompetency were introduced in evidence. And, it appears from the record, that she had not been restored to legal capacity to manage her property affairs at the time she made her will. This question is presented by plaintiffs in error and urged as decisive of the case.

The question then is, Did the fact that she was under guardianship because of mental incompetency to manage her property affairs, of itself, render her legally incapacitated to make a will until judicially restored to competency? In other words, did the fact of her being adjudged mentally incompetent to manage her property affairs render her legally incapacitated to make a will however mentally competent she may have been at the time of making same?

This precise question has been before this court in the following cases: In re Wahkon-tah-he-um-pah's Estate (Exendine v. Red Corn et al.) 108 Okla. 1, 232 Pac. 46; McClure v. Kerchner, 107 Okla. 28, 229 Pac. 589. In Exendine v. Red Corn, supra, it was held:

"The existence of a guardianship does not constitute legal incapacity to make a will, but is no more than evidence of the fact of incompetency, and may be overcome by parol proof that testator was mentally competent at the time the will was executed."

The question of mental capacity to make a will is a question of fact and is to be determined from the condition of testator's mind at the time of making the will. Exendine v. Red Corn, supra, citing Bilby v. Stuart, 55 Okla. 767, 153 Pac. 1173; Dickey v. Dickey, 66 Okla. 269, 168 Pac. 1018, and notes to Slaughter v. Heath, 27 L. R. A. (N. S.) 1; L. R. A. 1918 B, 687.

Therefore, the trial court having found as a fact that she was mentally competent to dispose of her property at the time of the execution of the will, the judgment of the trial court is affirmed.

All the Justices concur, except BRANSON, J., not participating.