## CHAPMAN v. LIGGETT.

1. **VENDOR'S LIEN**: *When assignable: Against whom enforced.*

   A vendor has a lien for the unpaid purchase money upon land conveyed by him, which passes to the assignee, when assigned as collateral security for a debt of the vendor, and will be enforced not only against the vendee and his privies in law and blood, but also against subsequent purchasers with notice of the equity·

2. **PRACTICE IN SUPREME COURT**: *Findings of a chancellor not conclusive.*

   The findings of a chancellor concerning a disputed question of fact when the evidence is in conflict, is persuasive, but not conclusive on appeal, like the verdict óf a jury. The appeal in chancery is a re-hearing upon the same pleadings and written evidence read in the court below, and the appellate court has the same means and opportunity of reaching a correct conclusion that the chancellor had, and will reverse his decree if against the decided preponderance of evidence.

APPEAL from *White* Circuit Court in Chancery.

Hon. J. W. MARTIN, Circuit Judge, in exchange of circuits.

*Chapman*, *pro se.*

Where a purchase money note is re-assigned to the vendor, thus uniting the debt and the lien in the same party, he can enforce the lien. *33 Ark.*, *78*; *18 Ala.*, *371*; *29 Ark.*, *218 and 440*; *24 Id.*, *566*.

A vendor of land has a lien not only against his vendee, but against all subsequent purchasers with notice. *18 Ark.*, *142*.

*J. W. House*, for appellee, Williams.

The vendor's lien is personal, and does not pass with the assignment of the purchase money note ; and if the land be sold to a party who has no notice. of the lien, before the re-assignment of the note to the vendor, and the uniting of the debt and lien, the lien is gone. *24 Ark., 563* ; *25 Ib., 365* ; *27 Ib., 518*.

No lien was reserved on the face of the deed, and the deed to Liggett and from Liggett to Williams recited the payment of the purchase money. The testimony as to actual notice by Williams was evenly balanced, and the chancellor finding in favor of Williams, this court will not reverse except upon a clear preponderance of testimony.

At the time of Williams' purchase, the note belonged to Mrs. Lawrence, and no subsequent re-assignment to the vendor could revive the lien.

SMITH, J. In July, 1879, Chapman sold and conveyed to Liggett forty acres of land, taking his note for two hundred dollars, part of the purchase money, payable November 1, 1880. The deed reserves no lien, but recites payment of the consideration. Chapman afterwards assigned the note to one Mrs. Lawrence as a collateral security for a debt he owed her ; but she, before the paper matured, re-assigned it to him. In the meantime, and while the note was in the hands of Mrs. Lawrence, Liggett, in consideration of five hundred dollars, then paid to him, executed a deed for the same land to Williams.

1. VEN-DOR'S LIEN: When assignable. Against whom enforced.

This bill sought to subject the land to the payment of the note. But the circuit court confined its relief to giving a personal judgment against Liggett and refused to decree against the land.

A vendor has a lien for the unpaid purchase money upon land conveyed by him, which will be enforced, not only against the vendee and his privies in law and blood, but

also against subsequent purchasers with notice of the equity. *Pintard v. Goodloe, Hempst. Rep.*, *503*, *Swan v. Benson*, *31 Ark.*, *728*.

It was alleged in the bill, but denied in the answer, that Williams, at the time of his purchase, knew that Liggett's purchase note was outstanding.   This devolved upon the plaintiff the *onus* of proving notice.   *Pearce v. Foreman*, *29 Ark.*, *568;  Gerson v. Pool, 31 Ark.*, *89*.

This was done by a fair preponderance of evidence.  Williams himself was the only witness who swore he knew nothing about the note until he had purchased and paid for the property.   Several witnesses swore to the contrary. And the conduct of Williams is inconsistent with  his denial of notice.   For, very soon after his purchase, he sent messages to Mrs. Lawrence and afterwards told her in  a personal interview that he had now become paymaster of the note.

2.  PRAC-TICE IN SUPREME COURT: Findings of chancellor not conclusive   The decree does not show what impression the evidence as to notice left upon the mind of the presiding judge.   If he came to the conclusion that Williams had no notice, or that the evidence was evenly balanced, we should not hesitate to reverse his decision.   The finding of the chancellor concerning a disputed question of fact, where the evidence is in conflict, is persuasive, but not conclusive on appeal, like the verdict of a jury.   There is a difference between appeals in chancery and writs of error or appeals in common law cases.   The appeal in chancery, being a rehearing upon the same pleadings and written evidence read in the courts below, necessarily involves to some extent the determination of facts.   And the appellate court has the same means and opportunity of reaching a correct conclusion that the chancellor had, and will reverse his decree if against the decided preponderance of evidence.   *State Bank v. Conway, 13 Ark., 350;  Ringgold v. Patterson, 15 Id., 209;  Woodruff v. Core, 23 Id., 341.*

The argument of Williams' counsel is that the note, while in the hands of Mrs. Lawrence, was not a lien on the land; that it was in her hands when Williams purchased the land and that no subsequent re-assignment of the note to the vendor could revive the lien as against Williams or affect the land in his hands. The fallacy of this consists in assuming that the note was not a subsisting lien on the land after its transfer to Mrs. Lawrence as a security for the debt that Chapman owed her. It was as much a lien after the transfer for that purpose as it was before. She held the lien as long as she held the note, for the joint benefit of Chapman and herself. And if she had continued to be the holder of the note when it matured, she might have filed a bill in her own name, making the necessary parties to foreclose the lien. This is precisely what was done in *Crawley v. Riggs, 24 Ark., 563*, and in *Carlton v. Buckner, 28 Id., 66.*

As illustrating the effect which assignments of the purchase notes have on the rights of the parties under varying circumstances, compare, *Bernays v. Field, 29 Ark., 218; Turner v. Horner, Ib., 440; Pearce v. Foreman, Ib., 563; Rogers v. James, 33 Id., 77.*

The decree of the White circuit court, in so far as it renders a judgment against Liggett for the debt, is affirmed; but so much of the decree as refused to charge the land with the payment of the purchase money is reversed and the cause is remanded with directions to enter a decree in accordance with this opinion and to proceed with its execution.