PLEDGER v. GARRISON.

1. STATUTE OF FRAUDS: *Delivery of possession.*
   Delivery of possession of land to the vendee under a parol contract of purchase takes the case out of the statute of frauds.

2. PRACTICE IN SUPREME COURT: *Finding of Chancellor on evidence.*
   Where the Chancellor's finding of facts is sustained by a preponderance of testimony this court will affirm it.

APPEAL from *Logan* Circuit Court, in Chancery.
Hon. J. H. ROGERS, Circuit Judge.

*Duval & Cravens* for appellant.

There was no such contract of sale, payment of purchase money, part performance, and entry into possession as would take the case out of the statute of frauds. *8 Ark., 278; 20 Ib., 550; 19 Ib., 24; 3 Paige, 478; 2 Paige, 177; 10 Ib., 535; 1 Hoff., 470; 5 Wend., 643; 1 Ark., 391; 16 Ib., 466; 21 Ark., 533; Story Eq. Jur., sec. 760; 1 McMullen Eq., 317; 1 Rich. Eq., 131; 5 Mumf., 308; 4 Blackf., 94; 21 Ark., 277; 15 Ib., Cain v. Leslie; 26 Ib., 344; 34 Ib., 663; 39 Ib., 430.*

*J. T. Harrison* and *W. N. May* for appellee.

There was such a sale, payment of purchase money, entry of possession, part performance and making of valuable improvements, as entitled appellee to a decree of specific performance. *21 Ark., 110, 137, 277; 1 Ark., 391; 15 Ib., 322; 16 Ib., 340; 20 Ib., 615, 648; 30 Ib., 547; 32 Ib., 97; 34 Ib., 663; 3 Wash. Real Prop., p. 235; 2 Story Eq., \*pp. 29 to 132, sections 752 to 772, etc.*

SMITH, J. This bill was exhibited by Garrison against his father-in-law, nominally to quiet his title to and pos-

session of a tract of land, but in reality to compel the specific execution of a contract of purchase. It alleged that the defendant had, ten years before, sold to the plaintiff forty acres of wild and uninclosed land, described in the bill by metes and bounds, for $600; that the terms of this contract were not manifested by any writing, but that the plaintiff had been put in possession under it and had held possession ever since, had paid for the land in full, and had made valuable improvements.

The defendant for his part denied the contract of sale and denied that he ever placed plaintiff in possession of the tract claimed.

The decree below was in favor of the plaintiff.

This is evidently a case where the parties, being nearly connected, have dealt loosely with each other, each relying upon the good faith of the other. Subsequent dissensions having sprung up between them, their accounts of the same transactions are of the most contradictory nature. And thus their respective rights are involved in obscurity and uncertainty. If the facts were once known, it would not be difficult to apply the law. For no principle is more firmly established than that delivery of possession under a parol contract for the sale of land takes the case out of the statute of frauds.

1. STATUTE OF FRAUDS: Delivery of possession.

Was there a contract between the parties? And has that contract been so far performed on the part of the plaintiff that it would be a fraud upon his rights to permit the defendant to repudiate it?

In the year 1868 the defendant had bought a plantation on the Arkansas river, containing near 300 acres. The price was $4,500; and of this sum he still owed $2,300. He was in doubt about his ability to meet the deferred payment, and he was anxious to have his children settled near him. For these two reasons he proposed that the plaintiff should go upon a part of the tract.

Now the plaintiff says that the defendant agreed to sell him forty acres of the unimproved land, lying west of a certain slough, at the same rate which he had paid for the entire place himself; that the land was not surveyed at the time, but the initial point from which the line was to be run was agreed upon, together with the courses and directions, and that the defendant pointed out the distances to which the lines would probably extend; that the plaintiff entered upon the land, built his house, cleared about twenty acres, and has paid the plaintiff in money and property about $700, besides the taxes.

There is no improbability in the plaintiff's story, and it accords with the undisputed facts of the case. The price was a round one, to begin with, and the plaintiff proves the payment of it by testimony other than his own, and even for the most part by the admissions of the defendant himself. There is no doubt that he took possession and has expended his time, labor and money in the improvement of the premises.

Now the defendant's version of the matter is in the highest degree improbable. He says the plaintiff was to have only ten acres west of the slough and as much on the east side as he could pay for; but the land so paid for was not to be conveyed to the plaintiff in the defendant's lifetime. The defendant was to leave him the same land by his will. Surely no sane man ever bought property, paid full value for it, and erected costly improvements, upon the chance that his vendor would devise him the self-same property.

Again, the testimony shows that the plaintiff had cleared, fenced and reduced to cultivation some twenty acres west of the slough; that the defendant knew it, as he lived upon the farm; and that the cost of preparing such land for the plow was $15 per acre. This is attempted to be explained

by saying that, for clearing all over and above ten acres, the plaintiff was to have the use of the land for one year free of rent. But this is too unreasonable in itself to be believed, and it is contradicted by the fact that the plaintiff has retained possession for several years since the land was put into cultivation, without any demand for rent.

In his answer the defendant denies that plaintiff has paid him more than $375. In his deposition, however, he admits the payment of $500; and if he had computed the value of the cotton which he admits he received, according to its proved market value, it would swell the amount to near $600. Nor does he allege or show that the plaintiff was indebted to him on any other account to which the payments might be referred, nor offer to refund the surplus which is in his hands, if his own theory be correct. But he wishes the plaintiff to accept his deed for two unconnected tracts, one west of the slough, containing ten acres, and the other east of the slough, containing fifteen acres, in full satisfaction of the payments that have been made.

There is nothing involved except a question of fact, and the preponderance of the testimony being in favor of the Chancellor, the decree is affirmed.

2. Finding of Chancellor on evidence.