## GATY v. HOLCOMB.

1. PRACTICE IN SUPREME COURT: *Findings of a Chancellor.*
   The Supreme Court will not give to the findings of a Chancellor upon the pleadings and depositions the same conclusive effect as to a verdict, or finding of a court on oral evidence, but will sustain them unless the preponderance against them be reasonably clear.

2. FRAUD. *False representations: Puffing.*
   The rule that commendation or puffing of an article is permissible to a vendor, without subjecting him to the imputation of false representation, applies when the purchaser has a full and fair opportunity to inspect the article and judge for himself, and not to things which are not the subject of any visible test or examination.

3. SAME: *Same.*
   Any untrue representations made by the seller of the right to make and sell a new invention, as to the capacity of the machine or its fitness for the purposes for which he knew it was intended, would be fraudulent, if they induced the purchase and were made under such circumstances as authorized the seller to rely upon them; and in the absence of proof it would be inferred that they did induce the purchase; and to repel this inference the seller must prove either that the buyer had knowledge of facts which showed the representations to be false, or that he expressly stated in terms, or showed by his conduct that he did not rely upon them, but acted upon his own judgment.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*W. F. Henderson* for appellant.

In *executed* contracts to obtain a rescission the party must allege and prove *a distinct case of fraud*, where a fraud is relied on for relief. (*12 Bush., Ky., 293; 59 Ill., 375.*) Here there was no fraud. Appellant submitted the machine to a practical test; appellee saw it work, and accepted its performance as satisfactory. He cannot now object or demand rescission. *1 Sm & M., 443 ; 13 Peters, 26.*

He might have protected himself by a covenant, and had an adequate and complete remedy at law. *121 Mass., 227 ; 22 Ark., 198 ; 41 Miss., 712.*

Appellee did not rely upon the vendor's *representations*, but *upon what he saw the machine do.* It was simply a mistake of judgment.

In order to rescind the vendee must offer to restore the property, and put the vendor in *statu quo.* This was not done. *26 Ark., 309; 32 Iowa, 101; 78 Ill., 27.*

Courts of equity will protect parties from fraud and gross imposition, but cannot insure men against folly or want of prudence in business transactions. Appellee perhaps made a bad bargain, in his estimation, but the sale was fairly made, and the test of capacity satisfactorily executed.

*Clark & Williams* for appellee.

The decided preponderance of the testimony is that appellant's representations as to the power and weight of the "extractor" were false; that appellee relied on them, and that he had a right to rely on them. This court will not disturb the findings of a Chancellor where there is any

·evidence to sustain them, any more than the verdict of a jury on the weight of evidence. *24 Ark.*, *431; 42 Ib.*, *521; 41 Ib.*, *292.*

False representations as to the character, quality and ·capacity of the thing sold amount to a warranty and vitiate the sale. *22 Ark.*, *517; 30 Ib.*, *362; 38 Ib.*, *334; Benjamin on Sales, sec. 613.*

EAKIN, J. This is a suit in equity to cancel a contract for the purchase of the right to make, sell and use in the State of Arkansas, an invention for pulling stumps, brought ·by appellant Holcomb against Gaty, the owner of the patent.

The right was transferred to Holcomb, in exchange for ·certain real estate yet in the hands of Gaty, and which Holcomb seeks to regain by rescission. The material charges of the bill are: That the specifications for con-·structing a particular size of the machine, the dimensions, mode of operating, etc., were set forth in a printed circu-lar, which was furnished complainant, and that defendant falsely represented that a machine so constructed would not weigh over about five hundred pounds, and would have sufficient power to extract stumps from 12 to 15 inches in diameter, and could be made by any carpenter or black-smith.

Complainant states that he relied upon those represen-tations in making the purchase ; that they turned out to .be untrue upon trial, that he offered to rescind the con-tract and give up the patent, and that defendant refused to do so, whereby he was cheated and defrauded.

The answer made an issue upon all the material allega-tions as to false representations, and the efficiency of the machine; and the cause was heard upon the plead-

Gaty v. Holcomb.

ings, and a considerable number of depositions on both sides.

The Chancellor found the facts for the complainant, and decreed a rescission of the contract. A Master was appointed to take an account of the rents and profits of the real estate, while the same was in the hands of defendant, and of the improvements he had made. At this stage defendant appealed.

Nothing is presented to us by the transcript but a question of the preponderance of evidence, for or against the findings. Whilst this court does not accord to the findings of a Chancellor upon pleadings and depositions the same conclusive effect as is given to verdicts, and the findings of a court upon oral evidence, it is wont to sustain them unless the preponderance against them be reasonably clear. In no other case can we well say that there is manifest error, and appeals should not be encouraged except for the correction of error.

This is not a case for the application of the rule that mere commendation or puffing of an article is allowable to a vendor, without subjecting him to the imputation of false representations. That only applies where the purchaser has a full and fair opportunity of inspecting the article and judging for himself. The nature of the right purchased—the right to construct and sell a new invention—was not the subject of any visible test or examination. The purchaser was inexperienced. The vendor knew, or at least the purchaser had a right to presume that the vendor knew all about the powers of the machine to be constructed. The complainant had a right to rely upon the representations of the vendor in this case. He was compelled to do so, and the proof shows did so. Any untrue representations made then, with respect to the capacity of the machine, or its fitness for the purposes for

*Margin notes:*
1. Findings of Chancellor.

2. FRAUD: False representations: Puffing.

which it was known by the vendor to be intended, would be fraudulent if they induced the purchase. That they did so is apparent, and would indeed be presumed, if not shown. "In order to displace this inference the *seller* must prove, either that the buyer had knowledge of facts which showed the representations to be untrue, or that he expressly stated in terms, or showed by his conduct that he did *not* rely upon the representations but acted upon his own judgment. *Benjamin on Sales, section 453, 4th Am. ed.*

It is alleged in the answer, and there is evidence to show, that after the purchase the complainant had a machine constructed and defendant showed him how to use it, and that upon a practical test the complainant expressed himself satisfied with its working. Upon the other hand the evidence is just as positive that the test was a failure, that the machine broke down in the effort to extract stumps of much smaller dimensions, and that all the complainant said was that the machine would work if strong enough. We cannot say that the Chancellor erred in giving more credit to the latter view than the former one. The preponderance seems rather in favor of the finding, and against the idea that the complainant was satisfied with the result of the experiment. The evidence is conflicting with regard to the capacity of the machine generally. Several witnesses say that a machine of the same sort had been quite effective in other States and places. Upon the other hand others say that the one made for Holcomb, which was substantially after the plan, was comparatively worthless for its alleged purposes. To this conflict we must apply the same rule.

There is some evidence strongly indicating that the defendant was himself aware that the representations he made would not bear a full and fair test, and that he was

used to make exhibitions of the power of the machine in a way to be misleading.

Upon a review of the whole evidence taken together, with that deference to the view of the Chancellor which is due to the deliberate decree of a court where there is no more probability of error in it than would have been a contrary conclusion, we do not feel justified in saying that he erred in rescinding the contract.

Affirm and remand for such further proceedings as may be necessary to carry the decree into effect.