## KELLY *v*. CARTER.

Decided November 14, 1891.

1. *Contract—Ratification.*

The pastor and trustees of a negro congregation were about to build a church on a lot owned by them. Certain adjacent land-owners purchased the lot, upon an agreement with the pastor, as the consideration of the purchase, that the church should not be erected in that vicinity. The trustees were proceeding to build the church upon an adjoining block. In a suit to restrain its erection : *Held,* That whether the pastor had authority to bind the trustees or not, their retention of the purchase money after knowledge of the agreement was a ratification, and that they should be restrained from violating it.

2. *Consideration of deed—Parol evidence.*

Parol evidence is admissible to prove a contract partially reduced to writing. Thus, where the consideration of a purchase of land was that the grantors should not erect a church in its vicinity, such consideration may be proved, although not mentioned in the deed.

3. *Practice—Chancellor's findings.*

The finding of a chancellor upon a disputed question of fact is persuasive but not conclusive on appeal.

APPEAL from Sebastian Circuit Court in chancery, Fort Smith district.

JOHN S. LITTLE, Judge.

*Sandels & Hill* for appellant.

1. The removal of the place of public worship was part of the consideration entering into the contract.

2.   And this contract was binding on the defendants.   The facts constituted Carter the agent of the trustees and congregation.   Two of the trustees had knowledge of the trade, and their knowledge was knowledge to all.   Wade on Notice, secs. 682, 676.   Notice to Carter, the agent, was also notice to all.   *Ib.*, 672.

3.   Plaintiffs' remedy was by injunction.   2 High. on Inj. (2d ed.), secs. 1153, 1108, 1106, 1134–5, 1142; 4 Sand. Ch., 587,; 27 Md., 42; 7 *Id.*, 408; 1 DeG. F. & J., 33; 3 Kerr on Inj., *pp. 396, 399; 1 Ves. & B., 188.

*B. H. Tabor* for appellees.

1.   The contract had been reduced to writing, and parol proof was not competent to contradict the consideration clause, or add a new covenant to it.   8 S. W. Rep., 143; 5 *id.*, 341; 29 Ark., 544; 30 *id.*, 180; 16 Gray, 155; 51 How. Pr., 497; 46 Ill., 299; 34 Ind., 319; 17 Ind., 284; 65 *id.*, 94; 1 E. D. Smith, 253; 15 Vroom (N. J.), 331; 5 Dutcher (N. J.), 305; 53 Wis., 415; Benjamin on Sales, 452; 2 S. W. Rep., 400; 96 U. S., 548.

2.   Carter had no power to bind the trustees or church. The knowledge of two of the trustees did not bind the others of the congregation.   2 Wait's Ac. & Def., p. 265.

3.   A verbal agreement by the church and trustees, if made, would be void as against public policy.   Greenhood, Pub. Pol., p. 207 and note 3; 11 Atl. Rep., p. 264.

Hughes, J.   The appellees, the pastor and trustees of the local congregation of the Colored Methodist Episcopal Church of America, at Fort Smith, were proceeding to have a church house erected on lot 10, block 59, in said city, owned by the church, for public religious worship by said congregation.

The appellant Kelly owned lots 1, 2, 3, 4, 5 and 6, in block 65, and the appellant Luce owned lots 2, 3, 4 and 5 in block 64, in said city.   Fearing, what the evidence in the case shows was a fact, that the erection and maintenance of a church for public worship by negroes would greatly dam-

S C—8

age the renting and sale of real estate in 'that vicinity, and both of the appellants having recently built houses upon their lots for rent and for sale, they concluded to try to purchase the lot of the appellees and prevent the erection of their church in that vicinity. They accordingly sent a colored man to ascertain from the pastor Carter if they could purchase the lot. Soon afterwards Carter, the pastor, and Taylor, the elder, of the church, called on appellant Luce and proposed to sell the lot for $500. The appellants, believing they represented the church, entered into negotiations with them for the purchase of the lot at the price of $500, and, upon the understanding and agreement with them that the sole consideration which moved the appellants to purchase the lot at the price was that the defendants would not erect their church in that vicinity and would remove their place of worship to another neighborhood, a conveyance of the lot to the appellants was made by the trustees, reciting the payment of $500 as the consideration therefor, but the agreement about the removal of the church was not mentioned in it. The church owned lot 12 in block 60, in the immediate vicinity of lot 10, in block 59, conveyed to appellants. They were about to build a church on this lot, having laid the foundation thereof, when the appellants applied to the court for an injunction to restrain them from the erection of their church house on lot 12, block 60. They set up substantially the facts above detailed in their complaint. After answer denying the facts relied upon in the complaint, and denying the power of the pastor to bind the congregation by a contract for the removal of the church, the cause was heard upon the complaint, answer, exhibits and depositions. The injunction was refused, the complaint dismissed, and plaintiffs appealed to this court.

1. Ratification of contract.    Whether Carter, the pastor, was authorized to represent the congregation or the trustees and make the agreement relied on by the complaint or not, we need not determine, for the evidence in the case shows that he made this contract and agreement by representations, promises and assur-

ances given the appellants that if they would buy the lot of the church at $500, the place of worship of the congregation would be removed to a point about a mile distant from said lot; and that the appellants, in good faith, believing that he represented the trustees of the church, purchased the lot, paid the $500, which was received and used by the church, and which they have never offered to return. It also appears from the evidence that the sole consideration that moved the appellants to purchase the lot at the price was that the place of worship of that congregation should be removed from that vicinity, and that this was known to Carter and Craig, a trustee of the church and one of the appellees, at the time of the purchase, and afterwards to the other trustees of the church through the proceedings and depositions in this cause. Having failed, after knowledge of the facts, to offer to return the $500, they must be held to have elected to treat those who made the representations and agreements about the removal of the place of worship of the congregation as their representatives. They could not affirm the contract in part and repudiate it in part. It would be inequitable to allow the appellees to reap the benefit of the contract, retain the $500, and repudiate that part of it most material to the appellants.

It is contended that the contract was reduced to writing by the deed, and that parol evidence was incompetent to alter or modify its terms, or to contradict the consideration clause in the deed. The general rule is well established that parol evidence is inadmissible to alter or vary the terms of a written instrument. But the evidence in this case did not contravene that rule. Its tendency was, not to contradict, vary or modify, the terms of so much of the contract as was reduced to writing, but to show what the entire contract was. " Where a contract is entire, and a part only in performance is reduced to writing, parol proof of the entire contract is competent." 2 Wharton's Ev., sec. 1015 ; 1 Gr. on Ev., sec. 284a ; Hope v. Balen, 58 N. Y., 380 ; Morgan v. Griffith, 6 L. R. Ex., 70.

2. Parol evidence of consideration of deed.

3. Practice as to chancellor's finding.

"The finding of the chancellor concerning a disputed question of fact, where the evidence is in conflict, is persuasive, but not conclusive on appeal, like the verdict of a jury," because, on appeal in a chancery case the pleadings and written evidence on which the case was heard in the lower court are all before the appellate court in the same form they were presented to the lower court, and the appellate court has the same means and opportunity of arriving at a correct conclusion as the chancellor had, and will reverse his decree if against the decided preponderance of the evidence. *Chapman* v. *Liggett*, 41 Ark., 294.

Being, as this court finds, against the preponderance of the evidence, the decree of the chancellor is reversed, and this cause is remanded with instructions that a decree be entered for the appellants, and that the appellees be enjoined and restrained perpetually from the erection and maintenance of a house for public religious worship by said congregation of the Colored Methodist Episcopal Church, at Fort Smith, upon said lot 12, in block 60, in said city.