## Horn *et ux.* v. Gibson.

No. 91.    Opinion Filed July 13, 1909.

(103 Pac. 563.)

1. **APPEAL AND ERROR—Review—Findings of Chancellor.** In chancery cases in the Indian Territory prior to statehood, where there was no consent reference to a master, the finding of the chancellor on the report of the master is only persuasive, and his findings may be reversed, unless the same are sustained by a preponderance of testimony.

2. **CONTRACTS—Illegality—Public Policy—Burden of Proof.** A party seeking to avoid a contract on the ground that the consideration was malum prohibitum, or against public policy, assumes the burden, and in order to prevail must sustain the same by a preponderance of the proof.

3. **CONTRACTS—Illegal Consideration—Public Policy.** H. having been apprehended at the instance of G. on the criminal charge of disposing of mortgaged property, and after preliminary hearing held to await the action of the grand jury, H. and wife thereafter, but prior to the convening of the grand jury, executing a note and mortgage to M. in order that he may dis-

Vol. 24—31

charge the prior mortgage debt from H. to G. out of which the criminal prosecution arose relative to mortgaged property, with the expectation that if said mortgage debt was satisfied the grand jury would probably not return an indictment thereon, it appearing that said mortgage debt from H. to G. was valid and in excess of the amount of the note and mortgage executed to M., and that G. neither expressly nor by implication agreed to discontinue said criminal prosecution, and said · note and mortgage from H. and wife to M. having been assigned by M. to G. in satisfaction of said mortgage debt, **held**, that said E. and wife cannot avoid the payment of said note and mortgage executed to M. and transferred to G.

(Syllabus by the Court.)

*Error from District Court, Wagoner County; Louis Sulzbacher, Judge.*

Action by William M. Gibson against Christopher E. Horn and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

On the 13th·day of February, 1907, the defendant in error, as plaintiff, instituted this action in the United States Court for the Western District of the Indian Territory at Wagoner, against the plaintiffs in error, Christopher E. Horn and his wife, Annie E. Horn, as defendants, declaring on a certain promissory note dated December 12, 1905, due and payable 12 months after date, in the sum of $350, with interest at the rate of 8 per cent. per annum until paid, praying for judgment on said note, and that a certain mortgage, with power of sale, on lot 2, in block 215, in Wagoner, be foreclosed to satisfy the same. On the 23d of April, 1907, the cause was referred, not by consent, to Thomas A. Sanson, master, and on October 25, 1907, the master filed his report, the body of which is as follows:

"I find: That the defendant Christopher E. Horn was indebted to the plaintiff, William M. Gibson, at the time of the execution of the note and mortgage in controversy in this suit, for a sum in excess of the note and mortgage in this case, on account of the balance due from the said Christopher E. Horn to the said William M. Gibson on a previous note and mortgage which had been executed by the defendant Christopher E. Horn to the

plaintiff, William M. Gibson; that the amount due upon the previous note and mortgage had been settled by arbitration, and, the arbitrators selected by the parties having been duly sworn on the 20th day of April, 1905, made a finding in writing that the defendant Christopher E. Horn was indebted to the plaintiff, William M. Gibson, in the sum of $393.60. I find that the defendant Christopher E. Horn refused to pay the amount so found to be due by the said arbitrators, and that the plaintiff, William M. Gibson, claiming that the defendant Christopher E. Horn had sold and disposed of the property which he had mortgaged to the plaintiff for the purpose of securing such indebtedness, caused the said defendant, Christopher E. Horn, to be arrested upon the charge of having sold and disposed of mortgaged property, and that the defendant Christopher E. Horn was taken before the United States commissioner of this court, and after an examination had upon said charge was held to answer to the United States court for that offense. I find that at the time of the convening of the grand jury at Wagoner, to which the said defendant, Christopher E. Horn, was held, and for the purpose of settling the indebtedness due from the said Horn to the plaintiff, William M. Gibson, that the defendants, Christopher E. Horn and Annie S. Horn, executed the note and mortgage in controversy in this suit to one J. W. Mercer, with the understanding that the said Mercer was to pay to the plaintiff, William M. Gibson, the sum of $300 in settlement of the indebtedness, but that the said Mercer, being unable to procure the money to do so, assigned the note and mortgage in controversy in this suit to the plaintiff, William M. Gibson, and that the plaintiff, William M Gibson, is the present owner and holder of the same, and that no part has been paid. I find that, notwithstanding the execution and delivery of the said note and mortgage, the plaintiff, William M. Gibson, and his witnesses appeared before the grand jury and gave their testimony in the prosecution which was then pending against Christopher E. Horn. I find that the allegations contained in the defendants' answer that the plaintiff, William M. Gibson, and the said J. W. Mercer, conspiring together, had caused the defendant Christopher E. Horn to be arrested, bound over to the grand jury, is not sustained by the proof. I find that the allegations contained in the defendants' answer that the note and mortgage in this case were given to the plaintiff with the understanding that he would not prosecute the charge then pending

against the defendant Christopher E. Horn, but would have the same dismissed, is not sustained by the proof. I find that the allegation contained in the defendants' answer that the note and mortgage in this case were extorted from them by duress ·is not sustained by the proof. I find that the note and mortgage in this case were executed by the defendants to the said J. W. Mercer, for the purpose of paying the plaintiff, William M. Gibson, the amount due him upon a prior note and mortgage, and, whilst they were given by the defendant Christopher E. Horn with the intention on his part that they would probably affect the pending prosecution against him, that there was no agreement on the part of the plaintiff in this suit that the same were given in consideration for the dismissal of the pending prosecution."

The defendant excepted to the master's report: (1) In that he found that the note and mortgage were given for the purpose of paying the plaintiff a valid and subsisting indebtedness, and not with the understanding between, the said Mercer and the plaintiff and the defendants, as a part of the consideration thereof, that the prosecution against the said Christopher E. Horn should be discontinued; and (2) to all the findings of the master, severally and separately. On October 26, 1907, the court overruled the exceptions to the master's report, confirmed the same, and rendered judgment against the defendant on said note for the amount of same, and for the foreclosure of said mortgage on said realty. An appeal was prosecuted to this court, and the same is now here for review.

*Williams & Williams,* for plaintiffs in error.

*Chas. G. Watts* and *Leon B. Fant,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). This cause having been tried before the judge of the United States Court for the Western District of the Indian Territory prior to the admission of the state, sitting as a chancellor, the rule then obtaining as to the binding force of the finding of the master or chancellor should apply. In the case of *Goerke v. Rodgers.* 75 Ark. 72, 86 S. W. 838, the court said:

"The appellee insists that the finding of the chancellor should

not be reversed unless against the decided weight of evidence. There are some early decisions to that effect; but trials in chancery appeals are *de novo* in this court, and the finding of the chancellor only persuasive, and that has been the rule in this court for many years."

See, also, *Chapman v. Liggett,* 41 Ark. 292; *Gist v. Barrow,* 42 Ark. 521; *Ringgold v. Patterson,* 15 Ark. 209; *Woodruff v. Core,* 23 Ark. 341; *Pledger v. Garrison,* 42 Ark. 246; *Cagle v. Lane,* 49 Ark. 465, 5 S. W. 790; *Nolen v. Harden,* 43 Ark. 307, 51 Am. Rep. 563; *Clark v. Roots,* 50 Ark. 185, 6 S. W. 728, 8 S. W. 569; *Kelly v. Carter,* 55 Ark. 112, 17 S. W. 706; *Miller v. Gibbons,* 34 Ark. 212; *Gaty v. Holcomb,* 44 Ark. 216. But see the case of *Branch 'v. Mitchell,* 24 Ark. 431, *contra.* Under the record, however, it is not necessary to consider the rule as to such binding force; but the Arkansas authorities as to the rule obtaining in the Indian Territory should control. *Nat. Live Stock Com. Co. et al. v. Taliaferro et al.,* 20 Okla. 177, 93 Pac. 983. In this case, however, the finding of the master appears to be reasonably supported by the testimony, and, to say the least, it is not reasonably clear that the preponderance of evidence is against such finding. The master heard the witnesses orally, and had an opportunity to weigh their evidence as they testified. This finding was confirmed by the chancellor, and, it being reasonably sustained by the record, we do not feel disposed to disturb the same.

The question further arises as to whether or not, upon the finding of fact, the court should have rendered judgment thereon in favor of the plaintiff. In the case of *Stanard v. Sampson et ux.,* 23 Okla. 13, 99 Pac. 796, it was held by this court that, where a part of the consideration for an agreement is for the discontinuance of a prosecution for a crime, the agreement or note was void. In that case, however, the jury found that a part of the consideration of the note and mortgage, as executed and agreed upon by all the parties, was for the purpose of having a criminal prosecution discontinued. In this case no such findings are made. In

the case of *Barteldes Seed Co. v. Border Queen Mill & Elevator Co.*, 23 Okla. 675, 101 Pac. 1130, it was held that "he who seeks to have an act or contract declared unlawful assumes the burden, and in order to prevail must sustain the same by proof."

In the case at bar there does not appear to be any doubt but that the plaintiff in error Christopher E. Horn was indebted to the defendant in error, William M. Gibson, in a sum in excess of the amount of said note. It may be that plaintiffs in error executed said note and mortgage with the expectation that it would prevent an indictment being returned against the said Christopher E. Horn, and it probably had that effect, although the grand jury investigated said charge, and the defendant in error and his witnesses appeared before it and gave their evidence. Men in acting as jurors are prone to be merciful and to extend clemency, though not within their legal province, and, when it developed before the grand jury investigation that Horn had satisfied the indebtedness that was secured by the mortgaged property that he was charged with having unlawfully disposed of, it may have influenced that jury not to return an indictment, and after the debt against Horn was arranged satisfactorily, it may be that the defendant in error was not as zealous in the prosecution of the criminal charge as otherwise he would have been; but, unless he agreed, as a part of the consideration of said note, or as an inducement for its execution, that he would use his influence or endeavor to bring about a discontinuance of said criminal prosecution, or cause the same to be dismissed, said note is not invalid. The fact that a citizen may institute a prosecution against a party for disposing of mortgaged property does not, of itself, prevent such citizen from collecting or taking security for the payment of the debt out of which said criminal proceedings grew from such party.

In cases where criminal prosecutions are instituted and contracts made a part of the consideration being for the discontinuance of such prosecutions, the public has an interest in having such contracts stricken down, not only that the individual may

be protected against such coercion, but also that there may be no such embarrassment or impediments against the enforcement of the criminal laws. For that reason the party executing the same may by plea and proof avoid such contract, and the parties to such agreement proceeded against by the commonwealth criminally. In either event the burden is upon the individual or state that assumes the burden to show that such contract was made for the purpose of discontinuing a criminal prosecution or compromising a crime.

No injustice appears to have been done.the plaintiffs in error by the decree of the lower court. It appears that the indebtedness from the plaintiff in error Christopher E. Horn to the defendant in error was in excess of the amount of said note, as ascertained by the board of arbitrators, and the master and chancellor have found against the plaintiffs in error on the question as to a part of the consideration being the compromise of a prosecution for a crime. There being testimony reasonably supporting such finding, at any rate a preponderance in favor of the finding, the decree of the lower court will not be disturbed.

The plaintiffs in error attached to their supplemental brief a certified copy of an amendment to the answer of the defendant in a certain case now pending in the district court of Wagoner county, state of Oklahoma, styled "Christopher E. Horn, Plaintiff, v. William M. Gibson, Defendant, No. 1762." with a view of showing an admission by the defendant, Gibson, in that answer contrary to his contention in this case; but this court has jurisdiction of this case in an appellate capacity only, and we know of no statute or authority that would justify us in considering matters *dehors* the record proper, which includes only such matters as may be brought up by the transcript or case-made. This being contained in neither, and under no circumstances could it have been incorporated in the case-made, we are not permitted to consider this certified copy of said amendment for any pur-

pose in this case, and consequently it cannot have any bearing on 'this court, for any purpose whatever.

Affirmed.

All the Justices concur.