## CARR v. FAIR.

Opinion delivered November 15, 1909.

1. REFERENCE—CONCLUSIVENESS OF MASTER'S REPORT.—Where a master is appointed by the court of its own motion, and not by consent of the parties, his findings of fact are advisory merely; and while they are highly persuasive, they may be set aside by the chancellor if they are clearly against the preponderance of the testimony. (Page 362.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings upon disputed questions of fact will be set aside if against the decided preponderance of the evidence. (Page 364.)

3. SAME—WHEN CHANCELLOR'S FINDING NOT SUSTAINED.—A finding of the chancellor as to the value of certain timber cut from plaintiff's land which is clearly against the preponderance of the testimony cannot be sustained upon the theory that the value of such timber was a matter of common knowledge. (Page 365.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*J. T. Coston*, for appellant.

1. The report of the master is clear, able and exhaustive. His findings are sustained abundantly by the evidence, and the

chancellor should have given them the same weight as that given the finding of a jury on questions of fact. 108 S. W. Rep. 518; 85 *Id.* 769; 12 Minn. 307.

2. He was appointed by *leave* of the court and *consent* of parties. 48 Pa. 499.

3. The master's findings are conclusive when sustained by *any* evidence. Cases *supra;* 18 Minn. 129; 96 Ill. App. 114; 43 Vt. 462; 6 Col. 45.

*W. J. Driver* and *Block & Kirsch,* for appellee.

1. This case differs from 108 S. W. 513; 74 Ark. 338. There the master had superior facilities and opportunities which the chancellor had not. In this case the hearing was on depositions alone, and the chancellor had the right to disregard the findings if in his best judgment they were not sustained. The master is only an arm of the court, his findings advisory. Story, Eq. Jur. (4 Ed.), § 450.

2. Trials in chancery appeals are *de novo,* and the chancellor's findings are persuasive merely. 75 Ark. 72. By analogy the same rule should apply to the master's findings.

3. The chancellor must be presumed to take judicial knowledge of matters of common knowledge in that chancery district. 110 Ill. 400.

FRAUENTHAL, J. The appellants instituted this suit against the appellees in the circuit court of Mississippi County for the recovery of the value of the timber which they alleged the appellees had wrongfully cut and removed from a large body of land in that county owned by the appellants. The appellees allege in their answer that they had entered into a contract with the mother of appellants for the purchase of the timber, believing that she had a right to sell same, and had made payments thereon to her. They denied that they had cut and removed the amount of timber claimed by appellants; and, in order to obtain an accounting of the amount of said timber and the right to have the payments so made by them credited on the value thereof, they asked that the cause be transferred to the chancery court. This was done. Thereupon the parties entered into the following agreed stipulation of facts:

"It is agreed and stipulated in this case that the defendants

cut and removed from the lands of the plaintiffs ash, oak, cypress, elm, gum, sycamore and cottonwood timber as follows:

Ash .............................. 2,934 feet
Elm .............................. 40,184 feet
Cypress .......................... 105,528 feet
Sycamore ......................... 222,007 feet
Gum .............................1,070,725 feet
Oak .............................. 477,343 feet
Cottonwood .......................3,499,412 feet

"It is further agreed and stipulated that said timber was cut by the defendants and removed from said land each in equal quantities each year for the years 1898, 1899, 1900, 1901, 1902 and 1903. Said land was inherited by the plaintiffs from their father, J. J. Carr, who died intestate in the year 1897, and in the year 1898 Susie Carr, the mother of the plaintiffs, entered into a contract with the defendants in which she attempted to authorize the defendants to cut and remove said timber from said land without any order of the probate court therefor. That afterwards the defendants paid the administrator of her estate and the estate of J. J. Carr the contract price agreed on by her for said timber as follows: elm and sycamore, 25 cents per thousand feet; cypress, gum and cottonwood, 50 cents per thousand feet; ash and oak, $1.00 per thousand feet. And it is expressly agreed that said sums may be deducted from the actual value of said timber."

Thereafter, the chancery court, in order to determine the value of the timber and amount of the payments made thereon, appointed a special master to whom the matter was referred for the purpose of taking proof and stating the account between the parties.

The master took the testimony of nine witnesses by depositions which were filed with his report. In his report he gave an abstract of the testimony of these witnesses; the interest of each in the litigation, the qualification of each of them to testify as experts on the subject of the market value of the timber. He gave in detail the market values placed by each witness on the various kinds of timber for each of the years during which the same was cut, and the values thereof as determined by him from this testimony. He made out a detailed statement showing the

value of each kind of timber cut during each of the above years and the amount of each payment made thereon, together with interest calculated on the same to the date of his report. He found that, after allowing all payments so made, there was due to appellants the sum of $9,088.38. The appellees filed exceptions to the report on the ground that the master erred in charging "the appellees with the various values of the timber as found by him for the various years." The court thereupon heard and passed upon the report of the master upon the depositions that had been taken and filed with his report and the report itself. The court thereupon made the following findings and order upon said report and entered its decree in accordance therewith: "The court further finds that the findings of the master as to the value of the timber cut is without evidence to support it, and the first, second, third, fourth, fifth and sixth exceptions to the master's report are therefore sustained, and the master's findings as to value set aside. The court finds, however, upon consideration of said report that the plaintiffs are entitled to recover from the defendant principal and interest at this date $6,210.40," etc.

From the decree thus setting aside the findings of the master and entering a judgment in favor of appellants for only the above amount and not for the amount found by the master, the appellants present this appeal. The questions presented by this appeal involve the weight that should be given to the findings of fact by a master in chancery, and to the findings of the chancellor relative thereto. In order to assist it in the proceedings pending before it—as for example to take the testimony, to make findings of facts, or to state accounts, etc.—the court has the power within its sound discretion to appoint a master. When such master is appointed at the request and with the consent of the parties, and with their consent that he shall determine certain matters that shall be referred to him, he is known as a consent referee or master; and his findings have the weight of the verdict of a jury. A master may and is usually appointed by order of the court of its own motion. In either event the master derives his authority from the order thus appointing him. When he is appointed by order of the court of its own motion, the report which he presents upon the evidence taken is to a great extent

advisory, and the court may accept such report and approve it or disregard it, either in whole or in part, according to its own judgment as to the weight of the evidence. Its discretion in passing on such report should be exercised under and controlled by the rules of law and the evidence in the case. The court cannot arbitrarily set aside the findings of such report. Kirby's Digest, § 6337, provides: "The report shall stand good, except such parts as are excepted to, unless it shall appear on the face of the report or from the evidence in the case that it is erroneous." It is generally held that the report of a master is presumptively correct; and there is a strong presumption of the correctness of the findings of fact of the master; and where there is conflicting evidence upon questions of fact, the findings will rarely be disturbed.

In speaking of the weight that should be accorded to the report of a master the Supreme Court of the United States, in the case of *Tilghman* v. *Proctor,* 125 U. S. 136, says "In dealing with these exceptions, the conclusions of the master pending upon the weighing of conflicting testimony have every reasonable presumption in their favor, and are not to be set aside or modified unless there clearly appears to have been error or mistake on his part." The findings of the master appointed by the court of its own motion should not be lightly disregarded by the court; they should be highly persuasive; and when the findings are based upon conflicting evidence, they should be accorded the great weight to which they are entitled. And if the court does not give to the findings of such master that weight which the evidence shows they are entitled to, its action will be reversed upon appeal. 17 Ency. Plead. & Prac. 1056; 16 Cyc. 453.

In this case the master was appointed by the order of the court, and his findings were subject to the review of the court. The court had the power, and it was its duty, to pass its own judgment upon the findings in the light of the evidence adduced. These findings related to disputed questions of fact, and were based upon conflicting evidence. The findings of the master should not have been disturbed by the chancellor unless they were clearly against the preponderance of the evidence. At the hearing of the exceptions to the report of the master there was no additional evidence taken, but the court passed upon the

matter upon the evidence presented by the depositions which were taken before the master, and which are all before this court. It has been uniformly held by this court that "the finding of the chancellor concerning a disputed question of fact, where the evidence is conflicting, is not conclusive upon appeal;" but that if it is against the decided preponderance of the evidence, it will be set aside. *Chapman* v. *Liggett,* 41 Ark. 292; *Gist* v. *Barrow,* 42 Ark. 521; *Nolen* v. *Harden,* 43 Ark. 307; *Kelley* v. *Carter,* 55 Ark. 112; *Goerke* v. *Rodgers,* 75 Ark. 72; *George* v. *Norwood,* 77 Ark. 216.

In the case at bar the question of fact to be determined was the value of the timber during the several years above named. This was a disputed matter, and there was conflicting evidence taken relative thereto. Upon this question the deposition of nine witnesses were taken. Five of these witnesses were experts upon the subject of the market value of these various kinds of timber during the above years in the locality of this land. They had been engaged in the said mill and timber business for a great number of years, and they had actually bought and sold this character of timber during those years, and were familiar with the market value of such timber in that locality. They were men of intelligence and good business ability, and wholly disinterested in this case. They went into details in their evidence and showed a great familiarity with actual prices paid for this character of timber involved in this case during the above years, as well as its market value. They showed such an intelligence, experience and actual knowledge of these values that their testimony should carry great weight. The average of the value of the timber for the various years under the evidence of these five witnesses is greater than that found by the master; and in some instances is greater to a considerable extent. Of the other four witnesses whose depositions were taken, two were the appellees, and one was, according to his own testimony, a close friend of the appellees. But none of these four witnesses give any clear statement of the market value of the timber during these years. Their testimony is largely composed of statements of what they paid for large bodies of land on which timber was standing, or at what prices such lands were purchased by others. They give no values at all during several of the years, but only state gen-

erally that the prices of the timber advanced or declined during such years. Their testimony is not satisfactory; and, after careful examination of their evidence, we are of the opinion that it is not clear or convincing. We have carefully examined the testimony of all the witnesses in this case, and we are of the opinion that the findings of the master are sustained by that testimony, and that the findings of the chancellor are against the decided preponderance of the testimony in the case.

Counsel for appellees say in their brief that the approximate value of timber throughout the chancery district in which the chancellor who decided this case presides is a matter of common knowledge, and that the chancellor should be presumed to have that information. But this is a cause pending in a court, and the controverted questions of fact must be established by the testimony of witnesses duly sworn; and judicial knowledge cannot be taken of those facts. As is said in the case of *Pierce* v. *Scott,* 37 Ark. 308: "Values of work and of material should be proved as other facts, and not collected by the master from his own experience * * * * or from consultation with others. This would be dangerous in the first instance, and preclude a party injured from the proper mode of correction. * * * * We must act upon some proof, the best under the circumstances that can be adduced." And this applies equally to the chancellor. His findings can only be based upon and must be based upon the evidence actually adduced in the case. In our opinion the findings of the chancellor are against the weight of the evidence in this case; and its preponderance sustains the findings of the master.

The decree of the chancery court herein is reversed, and this cause is remanded with directions to enter a decree in favor of the appellants for the amount found due by the master, and in accordance with this opinion.