## DAVIS *v.* LIDDELL.

### Opinion delivered April 4, 1910.

APPEAL AND ERROR—HARMLESS ERROR.—A decree sustaining the report of a master appointed to state an account between the parties should not be set aside at a subsequent term because the master did not consider a certain deposition if nevertheless such report was based on the weight of the evidence, including such deposition.

Appeal from Craighead Chancery Court; Western District; *Edward D. Robertson,* Chancellor; reversed.

*Hawthorne & Hawthorne,* for appellant.

*J. F. Gautney* and *H. M. Cooley,* for appellee.

HART, J. In December, 1906, insolvency proceedings were commenced in the Craighead Chancery Court against the Crescent Commission Company, a corporation duly organized and doing business under the laws of the State of Arkansas, and by consent of the parties interested W. P. Liddell was appointed and qualified as receiver, and in such capacity took possession of the assets of the company.

C. H. Davis, a creditor of the corporation, filed his intervention for the purpose of establishing his claim against it. The record recites that on April 22, 1908, a day of the April term, 1908, of the Craighead Chancery Court, Western District, the cause came on to be heard "upon the complaint of the in-

tervener, Charles H. Davis, the depositions of Herman Riedel, A. B. Jones, Charles H. Davis, Rudy Copeland, "and a stipulation in regard to the change of the name of the corporation."

The decree further recites that, after hearing the evidence, the court referred the claim to William Liddell for a statement of the account, and that said Liddell filed a statement of the account between the parties.

The court, after due consideration of the same, entered a decree in conformity with the statement filed by Liddell. At the November term, 1908, of said court, a motion was filed to set aside the decree rendered at said April term, 1908, on the ground that the master had adopted as his statement of the account one prepared by the solicitor of the intervener, Charles H. Davis, which is alleged to have been a fraud upon the court. The intervener filed his response to the motion, and additional evidence was taken by both parties. The cause was heard on the 20th day of November, 1908, a day of said November term, and the decree entered at the April, 1908, term was vacated, annulled and set aside. The court then appointed W. M. Taylor special master to state an account between the parties.

C. H. Davis, intervener, has duly prosecuted an appeal from this decree, and the cause appears on our docket as No. 1076, C. H. Davis, intervener, appellant, *v.* W. P. Liddell, receiver, appellee.

W. M. Taylor as special master was impowered to take evidence, and after doing so he made a statement of the account as directed by the court, and duly made report of same to the court. Exceptions were taken to the special master's report, and the exceptions were overruled by the court, and the report of special master Taylor was confirmed. A decree was entered in conformity with said report at the April term, 1909, of said court, and each party prayed an appeal to this court, and the case appears here as No. 1074. Crescent Commission Company *et al.,* appellants, *v.* C. H. Davis, appellee. The cases are docketed separately, but are properly the same case, and the issues involved will be considered together as one appeal.

The testimony is very voluminous, but the view we have taken of the case renders it unnecessary for us to abstract it.

The motion to vacate and set aside the decree entered at the April term, 1908, of the Craighead Chancery Court must be considered with reference to the testimony as it existed at the time the decree was entered. It is insisted by counsel for appellee that Liddell, the special master, instead of preparing a statement of the account from all the evidence as directed by the court, only read and considered the evidence on the part of the intervener, C. H. Davis, and that he merely adopted and filed as his report one prepared by counsel for Davis without the knowledge of the court or of counsel for the receiver in the original case, and that the court adopted this report without knowledge that it was prepared by counsel for Davis. The master testified that he read all the testimony except that of Copeland and the exhibit thereto. The testimony he did read and consider supports the report he made. Hence it can not matter that he did not consider the testimony of Copeland unless that would contradict the report as made by him. We have examined the testimony of Copeland, which was taken before the decree was entered at April term, 1908, of said court, and are of the opinion that, after giving it due consideration, the statement as made by the master is supported by the weight of the evidence. The decree which was entered recites that the chancellor considered the exhibit to Copeland's deposition in making his findings and confirming said report. The record shows that the solicitors for both parties were present when the report was passed upon by the court, and it was the duty of the court to pass its own judgment upon the findings of the master in the light of the evidence adduced. *Carr* v. *Fair,* 92 Ark. 359. Having reached the conclusion that the weight of the evidence, as shown by the record at the time the decree of the April term, 1908, was entered, supported the finding of the master, the fact that he did not consider Copeland's testimony could work no prejudice to the rights of appellee, and the decree should not have been set aside. In support of their motion to set aside the decree, counsel for appellee again took the deposition of Copeland, and in that deposition he went more into the details of the transaction, and this deposition tended strongly to contradict the testimony of the appellant, but, as above stated, in considering whether appellee was prejudiced by the action

of the master, we must consider the state of the record as it existed when the case was determined, and not as it was strengthened on the motion to set aside the decree.   In short, we hold that, taking the record as it stood at the time the original decree was rendered, a preponderance of the evidence supported the decree, and therefore it was not erroneous, and should not have been vacated.     Having reached this conclusion, it necessarily follows that all the subsequent procedings were *coram non judice* and void.

The decree is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.