## BOARD OF COM'RS OF WOODWARD COUNTY v. THYFAULT.

### No. 3501.   Opinion Filed June 9, 1914.

#### (141 Pac. 409.)

1. **APPEAL AND ERROR—Finding and Judgment—Evidence.** Where in a cause in equity, the trial is to the court, and the evidence is conflicting, and the judgment is reasonably sustained by the evidence, this court will not disturb the finding made and the judgment rendered thereon.

2. **HIGHWAYS—Proceedings to Open—Injunction—Evidence of Establishment.** Where a board of county commissioners is proceeding to open a public highway over the lands of plaintiff, upon the theory that said highway had been dedicated and conveyed to the public by plaintiff's grantor, and where the evidence is conflicting, and the trial court finds that no public highway had been dedicated or established, and that the conveyance relied upon had not been placed of record until subsequent to the acquisition of title by plaintiff, and plaintiff had no notice thereof, held, that the judgment of the court perpetually enjoining the defendants from proceeding to open said road was not error.

(Syllabus by the Court.)

*Error from District Court, Woodward County;*
*James B. Cullison, Judge.*

Injunction by Edgar Thyfault against the Board of County Commissioners of Woodward County. Judgment for plaintiff, and defendant brings error. Affirmed.

*O. C. Wybrant* and *Chas. Swindall,* for plaintiff in error.

*Garber & Kruse,* for defendant in error.

RIDDLE, J. Defendant in error, Edgar Thyfault, on the 28th day of August, 1911, was the owner of 160 acres of land situated in Woodward county; and on said date filed his petition in the district court of Woodward county, praying for a perpetual injunction against plaintiff in error, the board of county commissioners of Woodward county. In substance, he alleges that he is the owner of the land, and that defendant, the board

of county commissioners, on the —— day of ——, 1911, pretended to open a public highway diagonally across plaintiff's farm, without any proper or necessary proceedings had for that purpose; that the acts of said defendants were wrongful, illegal, and without authority of law, and were done in a summary, oppressive, and illegal manner; that said defendant went upon said premises, broke down, removed and destroyed plaintiff's fence and improvements, and was about to plow, dig, and excavate the earth thereon and destroy his crops and vegetation; that plaintiff has no speedy remedy at law.

Defendant filed its answer, containing a general denial, and setting up affirmatively that long prior to the date of plaintiff's acquisition of title to said land one George Hotz, who was then the owner of said land, dedicated a highway to the public, which said highway extended diagonally through plaintiff's farm, of the width of 40 feet; that he then and there offered the traveling public the use of said highway; that thereupon the public accepted said highway, using the same in performing work thereon; that the public authorities expended money improving said highway, and since said dedication of said highway the public has been using same continuously and uninterrupted; that plaintiff's acquisition of title to said property was subject to the rights of the public. Defendant alleged that plaintiff has harassed the public in their travel, and has prevented the public from using the same. Defendant further relied upon a conveyance of said land, executed by the said Hotz to the county commissioners.

A temporary injunction was issued by the district court, and on December 15, 1911, upon the issues joined, said cause was tried to the court; and, after the introduction of a large volume of evidence, the court rendered judgment in favor of the plaintiff, and entered a decree perpetuating said temporary injunction against said defendant. Among other things, the court found as follows:

"The court further finds from the evidence that at the time plaintiff purchased said land there were divers roads running in various directions across said land, and that said roads

were used by the public as roadways, but that no public highway was ever established as a public highway, as required by law, or that proper proceedings were had, or proper steps taken by the board of county commissioners of Woodward county for the purpose of locating and establishing a public highway across said land of the plaintiff. The court finds that the plaintiff had no knowledge that the roadway across said land had been deeded to the public at the time he purchased said land from one William Holmes. The court finds that the proposed roadway across said land is an entirely different and distinct road from the one described in said deed from George Hotz to the county."

The court also finds that the defendant, in an attempt to establish and open a public highway over and across the lands of plaintiff, acted without any notice to plaintiff, or without an opportunity to plaintiff to be heard, and without any compensation to him, and held that the deed of conveyance was not recorded until after plaintiff purchased said land, and that plaintiff had no actual knowledge of same, and that same was void as to plaintiff, and rendered judgment making said temporary injunction perpetual. Defendant filed its motion for a new trial, alleging that the judgment and finding of the court was contrary to law; that the judgment of the court was contrary to the evidence; that the decision and finding of the court is not sustained by sufficient evidence. Within the time allowed by law, petition in error, with case-made attached, was filed in this court.

There are only two questions presented for our determination: First. Is the judgment and decree of the trial court sustained by sufficient evidence? Second. Is the judgment and decree of the court contrary to law?

We have examined the evidence carefully, and find that the judgment and decree of the court is not contrary to the evidence. In substance, the evidence shows on the part of plaintiff that there were several roads or pathways over his land, running in various directions, but that there had never been any definite public road established, traveled, or used by the public; that the road sought to be established by defendant over the protest and

objection of plaintiff was not the same road which the witness Hotz undertook to dedicate and convey to the public. On the part of defendant, the evidence tends to show that the highway was definitely located, and that same was formerly dedicated by the owner, Hotz, to the public; that such dedication had been accepted by the public; and that same was a plain public road, and used by the public to the extent of creating a valid and legal dedication and an acceptance thereof. Whether or not the particular road sought to be established and opened by the board of county commissioners as officers of the county was the same road that the witness Hotz had attempted to dedicate and convey to the public was for the court to determine from all the facts and circumstances. This was a question of fact, to be determined by the court; and a determination by the trial court of that question is conclusive upon this court, unless the finding and judgment of the trial court is clearly against the weight of the evidence. *Overstreet v. City Bank,* 12 Okla. 383, 72 Pac. 379; *Holt v. Murphy,* 15 Okla. 12, 79 Pac. 275; *Horn v. Gibson,* 24 Okla. 481, 103 Pac. 563. From an examination of the record we are of the opinion that there was no question of law, distinct from any question of fact, which the trial court was called upon to decide. We agree with the trial court that the facts shown, as a matter of law, do not constitute a legal and valid dedication of the road in question to the public as against the rights of plaintiff, who was an innocent purchaser and had no knowledge of such dedication, or of any attempt by the said Hotz, who was the original owner of said land, to convey the same to the public. *Lieber v. People,* 33 Colo. 493, 81 Pac. 270; 13 Cyc. 493; *Pollard v. Rebman,* 162 Cal. 633, 124 Pac. 239.

The facts found fail to show that the road was definitely located, and that the county authorities had the exclusive control, possession, and use of same, and that the same was used by the public to an extent that would constitute constructive notice to the plaintiff as to the rights of defendant. *Jobling v. Tuttle,* 75 Kan. 351, 89 Pac. 699, 9 L. R. A. (N. S.) 960.

It is our conclusion that the judgment rendered by the trial court is fully sustained by the evidence, and that the same is not contrary to law·; that there was no prejudicial error committed by the court in the proceeding had, resulting in the judgment appealed from, requiring a reversal.

The judgment of the court is therefore affirmed.

All the Justices concur.